◾ MELVIN A. PAUQUETTE et al., Appellants, v THERESA A. RAY et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered April 6, 1976 in Greene County, upon a decision of the court at a Trial Term, without a jury. Plaintiffs are the owners of a parcel of property in the Town of Coxsackie, Greene County, having acquired title in 1969 from one Edna Coyne. Edna Coyne was the grantee of herself and her husband James, the Coynes having acquired title from the Argentos,

---

defendants herein, in 1965. The parcel was sold off from a larger parcel which was owned by the Argentos, the latter retaining title to the remainder until 1967, when the Argentos conveyed property south of that owned by plaintiffs to their daughter and son-in-law, Theresa and Frank Ray, the other defendants herein. The plaintiffs' parcel is bounded on the north by the property of one Ondrek. This action was commenced by plaintiffs when it was discovered that there existed discrepancies between the actual physical layout of the land on the one hand and the deeds to the Coynes and subsequently to themselves on the other hand. It is the plaintiffs' contention that the defendants Ray have improperly claimed title to a strip of property at the southern end of the plaintiffs' parcel, to which plaintiffs seek to establish ownership, and that defendants Ray have encroached upon and trespassed upon plaintiffs' property, causing damage. After trial before the court without a jury, the complaint was dismissed. There is no disagreement among the parties as to the law governing the disposition of this case, and plaintiffs' sole contention upon appeal is that the decision of the trial court was contrary to the evidence. The determinative finding to which they object is that the plaintiffs' property and its southerly and easterly boundary lines where it joins defendants' property, is as set forth on a map prepared by the defendants' surveyor. As previously noted, it is agreed on both sides that discrepancies exist between the deed description and ground features. The court properly held that such inconsistencies are to be reconciled by inquiring into the intention of the parties which existed at the time of the conveyance. Since the conveyance to the Coynes was prior in time to the conveyance to the Rays, plaintiffs being successors in interest to the Coynes, the intentions of the defendants Argento and the Coynes at the time of the conveyance between them is determinative. The deed describes the property basically as a rectangle which, beginning at its northwest corner, runs at a right angle to a specified road, a distance of 187 feet along the southern line of the Ondrek property, thence southerly at a right angle 277 feet, thence westerly at a right angle 187 feet to a stake forming a perpendicular with the aforesaid road, and then along said road at a right angle to the southerly line, a distance of 277 feet, to the place of beginning. There was voluminous testimony by the Coynes and the Argentos which the trial court was entitled to accept, being in a position to assess the credibility of the witnesses, to the effect that they had placed two metal stakes at the intended southwest and southeast corners, intending the south line to run between them. They then measured said south line, coming up with the figure of 187 feet, and also measured the intended west line along the road to a point which they assumed marked the southerly line of the Ondrek property, thereby coming up with the figure of 277 feet. They admitted that they did not know where the exact boundary of the Ondrek property lay, but emphatically stated that no conveyance south of the stakes was intended. These somewhat inexact measurements (although the south line does indeed measure 187 feet) form the basis for the deed description, although neither the north nor the east lines were actually measured. Moreover, the west line was not a straight line since the road included some curvature, and more significantly, the north line (the south boundary of the Ondrek property) did not, as the witnesses had mistakenly assumed, run at a right angle to the road. Defendants' surveyor, whose conclusions have been accepted by the trial court, found the dimensions to be 187 feet on the north and south lines, but only 261.83 feet on the west line and only 243.75 feet on the east line. The plaintiffs submitted evidence tending to show an intent to actually convey a parcel with dimensions as set forth in the deed,

but this merely created a question of fact for the trier thereof. It has been stated, where there is a discrepancy such as is presented in the instant case, that "other things being equal, resort is to be had first to natural objects or landmarks, next to artificial monuments, then to adjacent boundaries, then to courses and distances, and lastly to quantity. * * * In other words * * * quantities yield to natural or artificial objects or monuments" (6 NY Jur, Boundaries, § 53). Here there was testimony, as previously summarized, as to the existence of artificial monuments intending to determine the southern boundary of plaintiffs' property and defendants' surveyor further testified that this was the rule which he followed in preparing his map. We are therefore of the conclusion that the findings of the trial court must be affirmed. Since the causes of action for encroachment, trespass and the like were all dependent upon a finding that plaintiffs were entitled to judgment in their favor on their first cause of action, these causes were properly dismissed. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.