■ ARTHUR A. CHALMERS et al., Appellants, v ALBERT W. LAWRENCE et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered February 26, 1981 in Warren County, which denied plaintiffs' motion for summary judgment. This action involves a dispute as to the boundary between two parcels of land located on the westerly shore of Lake George in the Town of Hague. Both plaintiffs and defendants derived title to their lands from a common grantor, the Cook Estate, Inc. Prior to the subject conveyances, the Cook Estate subdivided several parcels of land in the area of Friends Point on Lake George by means of a survey map. This map was dated September 15, 1947 and filed in the Warren County Clerk's office on February 7, 1950. By warranty deed recorded November 2, 1947, the Cook Estate conveyed Lot No. 31, as shown on the map, to Wayne and Venice Soper. The deed description, in addition to referring to Lot No. 31, also particularly described the premises in metes and bounds by reciting the various angles and distances of the boundaries. The Sopers acquired an additional parcel in 1950 which was adjacent to and directly west of the first described premises. In 1966, the entire parcel was conveyed to William Soper by devise. Soper, in turn, deeded the property in 1973 to Arthur and Virginia Chalmers, plaintiffs herein. By warranty deed recorded November 12, 1948, the Cook Estate conveyed to defendant Bernard A. Clifton lands that he had contracted to purchase by an unrecorded contract of sale in May, 1946. The Clifton deed also contained a metes and bounds description of the boundaries of the premises conveyed. By deed recorded August 29, 1967, Bernard A. Clifton conveyed his parcel of land to defendants Albert and Barbara Lawrence. The boundary line dispute arose when William Soper, plaintiffs' grantor, excepted from the warranty of title in the deed to plaintiffs a strip of land about five feet wide which, due to the topography of the land, involves approximately 50 feet of valuable shoreline. The excepted strip was a segment of land that the Lawrences claimed title to in a dispute with William Soper before he deeded his lands to plaintiffs. Because of the discrepancies in the deeds, plaintiffs brought this action to declare that they are the owners in fee of the disputed parcel and for an order directing the Lawrences to remove a fence which they claim encroaches on their land. The Lawrences in their answer sought a declaration that they are the lawful owners of the property by virtue of their deed, or, in the alternative, by adverse possession. Plaintiffs moved for summary judgment which Special Term denied. This appeal by plaintiffs ensued. Initially, we note that the recording statute does not apply where, as here, two separate parcels of land are involved (see Real Property Law, § 291). Clearly, the common grantor Cook Estate intended to convey two adjoining but separate parcels of realty. Therefore, this case presents a boundary dispute which is determined by finding the intent of the grantor (see 1 NY Jur 2d, Adjoining Landowners, §§ 145-147, pp 640-642). The metes and bounds descriptions contained in the two subject deeds, i.e., the deed from William Soper to Arthur and Virginia Chalmers, plaintiffs, and the deed from Bernard A. Clifton to Albert and Barbara Lawrence, defendants, are not in conflict and, given the accuracy of the monument locations, will be judicially construed as evincing the intent of the common grantor that plaintiffs' property was to begin where the adjoining property of the Lawrences ended. However, it is the factual dispute concerning the location or even the existence of a monument, referred to in the deed into the Lawrences as a "marked white pine", that prevents this dispute from being resolved as a matter of law (cf. *Allen v Cross,* 64 AD2d 288, 291-292). Thus, while there is no conflict between the two deeds according to

their metes and bounds descriptions, a question of fact exists as to the location of the "marked white pine standing near the shore". Determination of this factual issue is necessary before the boundary dispute can be resolved. The issue of summary judgment in favor of the Lawrences on the ground of adverse possession also presents factual questions. Order affirmed, with costs. Mahoney, P. J, Sweeney, Kane, Casey and Weiss, JJ., concur.