■ RICHARD A. FLETCHER et al., Respondents, v ROBERT FLACKE, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered August 2, 1982 in Hamilton County, upon a decision of the court at Trial Term (Walsh, Jr., J.), without a jury. Plaintiffs instituted this action pursuant to RPAPL article 15 requesting a declaration of their ownership in fee of a strip of land on the eastern border of their lots 5 and 6, the northerly width being 380.93 feet and the southerly width in excess of 417 feet. The State challenges plaintiffs' claim of ownership, contending that this strip is a portion of lots 7, 8 and 9 of township 17 owned by the State. The trial court concluded that, pursuant to the 1772 survey and surveyor's notes, the southeast corner of township 33, the northeast corner of township 32, the southwest

corner of township 17, and the northwest corner of township 15 were not only intended to be but were in fact established as a common corner. Subsequent surveys show differences as to the location of these corners. The trial court found that such differences were not satisfactorily explained and are of questionable reliability. The trial court accepted the testimony of plaintiffs' expert as convincing and found his location of the east line of plaintiffs' property to be accurate. The State challenges these findings and contends that the trial court ignored all the natural and man-made monumentations found in the 1934 survey of A.H. King relied on by the State and which, it is contended, parallel the original 1772 surveys of the township. All parties accepted the 1772 survey as authority. Additionally, all parties agreed that the general order of preference is natural objects or landmarks first, then artificial monuments, then adjacent boundaries, then courses and distances and, lastly, quantity. The King survey which was utilized by the State in its survey was found by the trial court to be of questionable authority because it deviated from the common corners of townships 15, 17, 32 and 33 referred to in the 1772 survey. We deem this conclusion to be justified. A senior survey controls the junior survey (*Wates v Crandall,* 144 NYS2d 211, affd 2 AD2d 715). The monuments relied on by the State are of questionable authority since they were King's markings. There was no showing by the State of any original 1772 monumentations being found on the line sought to be established by the State as the original line. Although plaintiffs' survey also lacked 1772 monumentations, its reliance on the common corners of the 1772 survey and the June and July survey of 1913 of D.C. Woods, which also indicated common corners, adds to its credibility. The State contends that plaintiffs' reconstructed line is erroneous since there would be more feet in township 33 at its southern base than called for in the 1772 survey. The State claims that pursuant to the 1772 survey there were 32.8 chains (approximately 2.165 feet) from the corner to Squaw Brook. According to plaintiffs' line, there are now 1,000 feet more in this distance. While this is so, the common corner referred to in the 1772 survey must take precedence from the distance call (see *Robinson v Kime,* 70 NY 147; *Pauquette v Ray,* 58 AD2d 950) and the line should be drawn from the established corner to the brook. The State contends that the area in lots 5 and 6 is now greater than when plaintiffs came into possession of them, as indicated by a survey made on February 13, 1879. Area has the lowest preference as a call and must yield to plaintiffs' use of common corner finding and measurement from the northwest corner of township 17 to the Rock River (*Wates v Crandall, supra*). The State also disputes plaintiffs' finding of the north line of township 17 because of alleged improper measurements by plaintiffs' surveyor. Given the evidence presented by both sides, it cannot be said that the trial court erred in its findings on this issue. The evidence is sufficient to justify the conclusions of the trial court. We find no merit in the State's argument that plaintiffs' surveyor was in error in that he surveyed only the westerly line of township 17 rather than the easterly line of township 33. These lines coincide and the State concurred in such view. Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.