■ BENJAMIN SARFATY et al., Appellants, v RICHARD A. EVANGELIST et al., Respondents.—Judgment unanimously affirmed without costs, in accordance with the following memorandum: We agree with the trial court that defendants established title to the disputed parcel, but base our determination on a different ground. The proof adduced at trial supports the conclusion that defendants acquired title to the disputed triangle by the conveyance from Marshall W. Moore. The primary consideration in the construction of deeds is the intent of the parties (see, Chalmers v Lawrence, 86 AD2d 907; Allen v Cross, 64 AD2d 288, 291) and rules of construction have developed as a means for determining the parties' intent (see, 1 NY Jur 2d, Adjoining Landowners, § 112). Where the language in a deed is inconclusive as to the location of a boundary, all of the attending circumstances must be considered to ascertain the parties' intent (Lumnah v Rogers, 33 AD2d 596). Ronald Phillips, defendants' surveyor, concluded that the disputed triangle was located on defendants' southern boundary because, if it were on defendants' northern boundary, as proposed under plaintiffs' construction of the deeds, the parcels would be irregular. This conclusion is based on the

presumption that boundary lines are set in straight lines and at right angles to the frontage (1 NY Jur 2d, Adjoining Landowners, § 75). The three surveyors who testified agreed that the boundaries of plaintiffs' property are consistent with the lineal measurements as set forth in plaintiffs' deed and that the maps are consistent with respect to the deed dimensions. Significantly, there is no evidence that plaintiffs or their predecessors ever questioned defendants' boundary line until shortly before the present action was brought. To the contrary, plaintiffs acquiesced in the line asserted to be the boundary by defendants. Benjamin Sarfaty acknowledged that on various permit applications he placed the boundary line precisely where defendants claimed it should be. When plaintiffs constructed their garage, defendants' predecessor, Moore, pointed out the property line to plaintiffs, who complied with Moore's direction to stay on their side of the line. Acquiescence in a boundary line over a considerable period of time provides conclusive evidence as to the true location of the boundary (see, Sherman v Kane, 86 NY 57, 73; Baldwin v Brown, 16 NY 359).

Plaintiffs' claim of an irrevocable license to use the small portion of the driveway adjacent to the lake is without merit. The record lacks proof of consideration for an agreement between the parties to support plaintiffs' claim of an irrevocable license; absent such showing, the New York rule is that licenses with respect to real property are revocable at will unless the conduct of the licensor makes it inequitable to permit him to revoke it (see, Prosser v Gouveia, 98 AD2d 992, 993; Ski-View, Inc. v State of New York, 129 Misc 2d 106, 110). (Appeal from judgment of Supreme Court, Ontario County, Reed, J.—adverse possession.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.