■ CHARLES L. THOMAS, Appellant, v HAROLD T. BROWN et al., Respondents.—Kane, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered January 8, 1988 in Washington County, upon a decision of the court, without a jury, in favor of defendants.

Defendants own land located on the east side of Lake George in the Town of Putnam, Washington County. The land is in an area generally known as Crow Point. It has a north-south orientation and is bounded to the east, west and south by the lake. To the north, the property is bounded in part by plaintiff's property. Plaintiff's land is bounded to the east by the lake and to the south by defendants' property.

Sometime between 1980 and 1982, defendants constructed a building near their northern boundary line which plaintiff believed encroached on his property. According to a survey prepared for plaintiff, the new building encroached approxi-

mately 10 to 12 feet onto plaintiff's land. However, a map prepared for defendants showed the building within defendants' boundaries and with no encroachment onto plaintiff's property. Plaintiff then commenced this action against defendants seeking an injunction and removal of the building. At the heart of the dispute was where the exact location of the property line between the two properties existed. At the ensuing trial, testimony was given by, among others, both surveyors. After trial, Supreme Court dismissed plaintiff's complaint on the merits and fixed the boundary line as it was set forth in the map prepared by defendants' surveyor. Plaintiff has appealed.

At the trial, both parties agreed that discrepancies existed between the relevant deed descriptions and the actual features of the properties themselves. Plaintiff argued that his southern boundary line was coterminous with defendants' northern boundary line as set forth in plaintiff's survey. Defendants, however, argued that there were actually two property lines and that there was a "gore" or gap between their northern boundary line and plaintiff's southern boundary line. Defendants' deed description does not make the boundary lines coterminous. Furthermore, while plaintiff's deed states that the southern line of plaintiff's property is defendants' northern line, the deed also states that plaintiff's southern line traveled west from a boulder at the southeast corner of plaintiff's land 74 feet to a large rock in the southwest corner of plaintiff's land. If the designation of the physical objects is followed, the boundary lines are not coterminous. There was thus a conflict in the "calls" of descriptions in the deeds. Deeds and surveys indicate boundary lines by various descriptive elements or "calls" which consist mainly of monuments, courses and distances, adjacent lands and area or quantity (1 NY Jur 2d, Adjoining Landowners, § 66, at 558).

On this appeal, plaintiff argues that because his deed stated that the lines were coterminous that is what should control. We disagree. It is true that where a dispute exists as to the designation of a boundary, the intent of the parties should control (see, Pauquette v Ray, 58 AD2d 950, 951). However, where there is a discrepancy in deed calls, the rules of construction require that resort be had first to natural objects, second to artificial objects, third to adjacent boundaries, fourth to courses and distances and last to quantity (supra, at 952; see, 1 NY Jur 2d, Adjoining Landowners, §§ 66-70, 115, 117, at 558-561, 611, 612-613). Furthermore, where, as here, a deed refers to physical objects as well as measurements based on

lines of adjacent property, a court may accept the physical objects over the measurements based on the other lines (1 NY Jur 2d, Adjoining Landowners, § 120, at 615).

Defendants' surveyor, John Grady, whose conclusions were accepted by Supreme Court, testified that in examining plaintiff's deed, the deed calls corresponded to the natural monuments he found on plaintiff's property. Specifically, he found the large rock in the southwest corner of plaintiff's property as specified in plaintiff's deed. Plaintiff's surveyor, Robert MacFarlane, also found this object. However, plaintiff's deed described a boulder in the southeast corner of plaintiff's property which Grady could not locate. Therefore, Grady relied on the other deed calls in plaintiff's deed to establish the southeast corner at approximately 30 feet from the northeast corner and approximately 74 feet from the large rock in the southwest corner. These distances corresponded both to plaintiff's deed calls and the objects located at the southwest and northeast corners of plaintiff's property.

Grady then determined the northern boundary of defendants' property by looking at their deed calls. For defendants' northwest boundary, the large rock was delineated as it had been in plaintiff's deed for plaintiff's southwest corner. As to the northeast corner of defendants' property, the boulder described in plaintiff's deed was also delineated for this corner of defendants' property. Again, however, Grady testified that he could not find this boulder. Apparently, he nevertheless accepted the delineation of this corner based on what he had determined it to be from plaintiff's deed. Grady then testified that in checking the description of defendants' property, whether running clockwise or counterclockwise around its perimeters, it did not close by approximately 54 feet. After checking plaintiff's deed, the boundary line between the two properties could not be resolved. He therefore concluded that a gore existed between the properties. MacFarlane, however, came to a different conclusion and designated the boundary lines as coterminous. However, in reaching this conclusion he disregarded the large rock at the southwest corner of plaintiff's property which, as noted, was called for in plaintiff's deed. Instead, he designated this corner with an iron pipe he found. This iron pipe was further south than the large rock. MacFarlane's designation of plaintiff's southeast corner was the same as Grady's. By choosing the iron pipe as the southwest corner of plaintiff's property, the boundary line connecting this corner with plaintiff's southeast corner became coter-

minous with defendants' property and, as a result, passed through defendants' building.

MacFarlane's designation of the boundary line clearly disregarded the call in plaintiff's own deed which designated the southwest corner by the large rock. Furthermore, the rock appears on the survey done by MacFarlane. He agreed with Grady that the discrepancies in the deeds created a gore but chose to resolve the conflict by using the iron pipe to designate the boundary line, thus making the properties coterminous. However, this resulted in the preference of an artificial object over a natural object (see, *Pauquette v Ray, supra;* 1 NY Jur 2d, Adjoining Landowners, § 115, at 611). In contrast, Grady's conclusions were based on the use of the rock to delineate the boundary line. In our view, the evidence demonstrates that Grady properly followed the rules of construction in preparing his map since his designations resulted in a preference of natural objects controlling over artificial objects. Supreme Court's decision to accept Grady's survey should, therefore, not be disturbed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.