■ ZELNIK REALTY, INC., Respondent, v MYRON S. YORK, Appellant, et al., Defendants.—Harvey, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 24, 1990 in Ulster County, which, in an action pursuant to RPAPL article 15, determined plaintiff to be the title owner of certain property located in the Town of Esopus.

This action to quiet title stems from a dispute over the ownership of a parcel of land consisting of approximately 10 acres located in the Town of Esopus, Ulster County. In April 1983 plaintiff purchased what was stated to be 94 acres of land in the area (called lots 17 and 27) from Roland Augustine. Plaintiff's tax bills, as well as those of its predecessor in title, also called for 94 acres of land. Later, in the apparent belief that the now disputed 10-acre parcel was part of the 94-acre tract, plaintiff began to openly cut timber in that area without interference from anyone. In addition, plaintiff began negotiations with defendant Myron S. York (hereinafter defendant) concerning the purchase of property belonging to defendant designated on the survey map as lot 6. Plaintiff's purpose in purchasing lot 6 was to connect land owned to the west of lot 6 owned by plaintiff (lot 17) to other land owned by plaintiff located to the east of lot 6. As part of the proposed sale, a survey was conducted by a licensed surveyor, George

Thomas. However, in the course of his survey, Thomas discovered that the disputed 10-acre parcel, located between lots 17 and 6, allegedly could not be attributed to either of these lots according to the deed descriptions. As a result, Thomas listed this parcel on the survey map as "Present Owner Unknown". Although both plaintiff and defendant claimed the parcel, plaintiff eventually purchased the undisputed portion of lot 6 from defendant.

Plaintiff thereafter commenced this action on the principal theory that the disputed parcel was included in lot 17 which it had purchased from Augustine. Defendant answered and counterclaimed for damages for plaintiff's cutting of timber on the disputed parcel. Defendant asserts title based principally upon the alleged payment of real property taxes on the disputed parcel. A nonjury trial was held after which Supreme Court ruled in plaintiff's favor, concluding that title to the disputed parcel was in the chain of title to lot 17 which plaintiff purchased from Augustine. This appeal by defendant followed.

We affirm. Despite defendant's contentions otherwise, it is our view that plaintiff sufficiently satisfied its burden of affirmatively proving title to the disputed parcel. Of significance to this lawsuit is the evidence pertaining to monuments located on the land and referenced in lot 17's chain of title. Specifically, plaintiff's deed from Augustine states that the north border of lot 17 runs 955 feet easterly from the northwest corner of the lot to a wall corner where the boundary runs southerly to a "wall and fence corner" that would be the southeast corner. However, Thomas testified that there is no wall corner or any other discernible mark at a point 955 feet east of the northwest corner of the undisputed portion of lot 17. Testimony, maps and photographs at trial establish the existence of wall corners as described by the deed in existence at the location where plaintiff fixes the boundary of its property (i.e., at the easterly boundary of the disputed parcel). As noted by the court, this location contains not only a stone wall but large standing trees of long duration "indicating that this was the natural division line as between the properties Plaintiff had purchased from Augustine and the lands conveyed from Defendant". In contrast, the western border of the disputed parcel where defendant fixes the boundary of his property contains no monuments as described in the deed. "The rule is well settled that a conveyance is to be construed in reference to its visible locative calls, as marked or appearing upon the land, in preference to quantity, course, or dis-

tance; and any particular may be rejected, if inconsistent with the other parts of the description, and sufficient remains to locate the land intended to be conveyed" *(Robinson v Kime,* 70 NY 147, 154 [citations omitted]). In other words, natural landmarks and artificial monuments take precedence over mere metes and bounds descriptions *(see, Case v Dexter,* 106 NY 548, 554; *Thomas v Brown,* 145 AD2d 849, 850-851; *Pauquette v Ray,* 58 AD2d 950, 952). Here, the existence of the stone wall as the boundary line, combined with the testimony of witnesses,[1] convinces us that plaintiff sufficiently established its ownership of the disputed parcel.[2]

Finally, we agree with Supreme Court that the fact that plaintiff apparently purchased an option from defendant to buy the disputed parcel in the event it turned out to be defendant's parcel did not prejudice plaintiff's rights in this matter. Further, Supreme Court was within its discretion in discounting defendant's claim that he paid real property taxes on the property because there was evidence in the record to the effect that the taxes paid by defendant were for a different 10-acre parcel altogether.

The remaining issues discussed by the parties need not be addressed due to our resolution of the foregoing issues.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.

---

1. Significantly, defendant conceded that a stone wall separated lots 17 and 6, although he disputed where the wall was located.

2. Although not dispositive in and of itself *(see, Pauquette v Ray, supra,* at 952), we note parenthetically that the addition of the disputed 10 acres to the land that plaintiff purchased from Augustine results in plaintiff's possession of the actual 94 acres called for in its deed rather than the 84 acres it would have possessed without the parcel.