■ THOMAS MARKOWSKI et al., Appellants, v ANTHONY FERRARI et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered November 13, 1989 in Columbia County, which, in an action pursuant to RPAPL 871, *inter alia,* determined that defendants have full and exclusive possession of certain real property in the Town of Copake.

This appeal presents the question of whether Supreme Court properly used the alternate theory of acquiescence in a certain boundary line by the owners and others over a period of years (in this case over 10 years) to resolve a boundary line dispute. In our view Supreme Court's use of the theory was proper. The judgment should be affirmed.

Defendants, Anthony Ferrari and his wife, Annette Ferrari, began construction in 1983 of a house on real property they had purchased in 1978 from Glenn Neal. Glenn Neal had purchased the property in 1968 from George Neal, who had acquired it by deed in 1924 from George Miller and his wife. Plaintiffs, Thomas Markowski and his wife, Eleanore Markow-

ski, acquired an adjoining parcel of property in 1973 from Viola Kingston. Kingston had purchased it from Richard Clark and Josephine Clark, who had purchased the parcel from the Millers in 1920.

Plaintiffs commenced the instant litigation in 1985 pursuant to RPAPL 871 for, *inter alia,* the removal of a stone wall erected by defendants, claiming it encroached upon their property. Defendants' response included a counterclaim to bar plaintiffs' claims to the property on the basis that the wall was located on defendants' property and, in the alternative, that defendants acquired title to the subject property through adverse possession. Trial was held before Supreme Court without a jury. Supreme Court concluded that the true boundary line was that advanced by defendants and held that title to the property in dispute was in defendants. The court further dismissed plaintiffs' complaint for failure to establish a cause of action. This appeal ensued.

Case law establishes that where a dispute exists as to the designation of a boundary, the intent of the parties existing at the time of the original conveyance of the disputed property controls *(see, Thomas v Brown,* 145 AD2d 849, 850; *Pauquette v Ray,* 58 AD2d 950, 951). The dispute in the case at bar arises because the boundary line mentioned in plaintiffs' chain of title is presumed straight *(see, Sarfaty v Evangelist,* 142 AD2d 995, 995-996). There is no argument concerning either end of the disputed line; one is marked by a natural monument, the ash tree, the other by an artificial monument, an iron pipe. The in between calls mentioned in the deeds marking the disputed line do not correspond. Consequently, all of the attending circumstances must be considered to ascertain the intention of the parties, including parol evidence *(see, supra;* 1 NY Jur 2d, Adjoining Landowners, § 155, at 649). However, as parol evidence is unavailable for that purpose, the alternate theory of acquiescence may be employed *(see, Sarfaty v Evangelist, supra,* at 996; *see also, Allen v Cross,* 64 AD2d 288, 292). Acquiescence in the boundary line for the statutory period required for adverse possession is sufficient to establish ownership marked by that line *(see, Fisher v MacVean,* 25 AD2d 575). Where the statutory period has not been established, acquiescence for "a considerable period of time provides conclusive evidence as to the true location of the boundary" *(Sarfaty v Evangelist, supra,* at 996; *see, Allen v Cross, supra,* at 292).

The record reveals that the evidence is sufficient to support the boundary line designated by defendants based on the

acquiescence of the current and prior owners. The surveyors on both sides indicated that a line of pipes extended a portion of the way between the two known end point monuments. Glenn Neal stated that the iron pipes were utilized to support a fence since 1955 and were on the property when he conveyed it to defendants. The remains of the foundation of the old house, built about 1924 on defendants' property, were on defendants' side of the disputed line. Anthony Ferrari testified that the iron pipes, a stone wall and a wire fence were at one time in place between the two properties. There was no boundary dispute over this line until 1983. Thus, there was ample evidence at trial of the acquiescence of the parties and others in the boundary line proposed by defendants for a period longer than the 10 years required to gain ownership by adverse possession when Glenn Neal's period of ownership is added to that of defendants.

Plaintiffs contend that Supreme Court's erroneous conclusion at the end of their direct case, i.e., that their action should be dismissed for failure to prove money damages, tainted the court's decision and entitled plaintiffs to a new trial. We disagree. While, as plaintiffs contend, they need not have proved monetary damages to obtain injunctive relief (see, RPAPL 871), they nevertheless had to establish that they had title to the land in dispute, which they failed to do. Their cause of action was therefore properly dismissed (see, Pauquette v Ray, 58 AD2d 950, 952, supra).

Casey, J. P., Weiss, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.