■ MICHAEL F. INGHAM et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent. [646 NYS2d 54] —In an action, inter alia, for a permanent injunction, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Henry, J.), entered December 21, 1994, as upon granting their motion to renew their prior cross motion for partial summary judgment, denied the cross motion, granted summary judgment in favor of the defendant pursuant to CPLR 3212 (b), and dismissed the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

To obtain summary judgment the movant must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324, citing *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Here we find the plaintiffs did not make such a showing.

Moreover, it was proper for the Supreme Court to search the record and grant summary judgment in favor of the defendant without the necessity of a cross motion *(see,* CPLR 3212 [b]). The record shows that about 60 years ago the defendant was indisputably granted, at least, a revocable license from the property owner, the Town of Babylon (hereinafter the Town), to place its poles and wires on the property the plaintiffs now lease from the Town. The creation of that license unquestionably predates the plaintiffs' "as is" lease. Therefore, the plaintiffs as lessees, unlike the Town, cannot now assert any claim against the defendant with regard to the placement of the poles and wires on the property *(see, Sarfaty v Evangelist,* 142 AD2d 995; *Prosser v Gouveia,* 98 AD2d 992). O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.