■ VILLAGE OF WEBSTER, Appellant, v TOWN OF WEBSTER et al., Respondents. (Appeal No. 3.) [705 NYS2d 774] —Judgment modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiff, Village of Webster (Village), commenced this action against defendants, Town of Webster (Town) and Monroe County Water Authority seeking, inter alia, a judgment declaring, inter alia, that it acquired ownership of certain valves and water lines located within that area of the Town located 500 feet north and south of a Village-owned 12-inch water transmission main that lies beneath Ridge Road. The Village also sought to enjoin defendants from interfering with those valves and lines as well as numerous other water facilities located in that area of the Town. Supreme Court properly denied the motion of the Village for a preliminary injunction and determined that it is not entitled to the relief sought in the complaint, but erred in dismissing the complaint rather than declaring the rights of the parties (see, Pless v Town of Royalton, 185 AD2d 659, 660, affd 81 NY2d 1047).

We reject the contention of the Village that it owns the subject water lines and facilities. Article 11 of the Village Law governs the establishment and operation of a village water works system. Village Law § 11-1102 authorizes a Village board to enact a resolution establishing a water works system "for supplying the village and its inhabitants with water." The board of water commissioners (board) shall keep the water works system in repair and may "extend the mains or distributing pipes within the village * * * and acquire or construct ad-

ditional facilities" (Village Law § 11-1108). Village Law § 11-1110 authorizes the board to lay or repair pipes under any public highway in a county in which the Village is situated or an adjoining county "for the purpose of introducing water into and through the village." In addition, the board may acquire gratuitously or by payment "any water pipes which have been heretofore laid under any of such public highways * * * for the purpose of continuing the supply of water or for the purpose of introducing water into and through such territory, outside of such village, where such water pipes are situated, and supplying the inhabitants thereof with water" (Village Law § 11-1110).

Article 11 implicitly distinguishes between supply or connection pipes, which private customers utilize to tap into the village water system, and water mains or distribution pipes, which transport water from its source to the village. Supply pipes used by private owners may be connected to the water mains or distribution pipes either by permission of the village, in which case the private owner is responsible for the expense of maintaining those supply pipes (Village Law § 11-1112 [1]), or under the "[a]lternative provision for connections with mains," whereby the board may install and maintain those connections (Village Law § 11-1114). Village Law § 11-1120 governs the supply of water outside village limits and authorizes the board to sell to corporations, individuals or water districts located outside of the village "the right to make connections with the mains * * * of such village."

In the instant case, the water lines at issue are outside the Village limits. As the court noted, Village Law § 11-1120 contains no authorization for the Village to acquire ownership of customer supply pipes outside the Village limits in conjunction with its sale of connection rights with respect to such pipes (*see generally*, 1982 Opns St Comp No. 82-139; 1981 Opns St Comp No. 81-367; *cf.*, 1992 Opns St Comp No. 92-55). "[Villages] are creatures of the state and have only such powers and authority as is conferred upon them by the Legislature and powers reasonably incident thereto" (*Whittaker v Village of Franklinville*, 265 NY 11, 14, *rearg denied* 266 NY 505). Although Village Law § 11-1122 provides in pertinent part that "[t]he board of trustees may, by resolution, determine to extend water mains outside the village," the Village conceded that it did not construct any of the subject water lines and, furthermore, did not produce resolutions authorizing the extension of any water main.

In addition, while Village Law § 1-102 (2) sets forth various

powers of a village, including the ability to take real property "by gift, grant, bequest or devise" for governmental purposes, that general statute is not controlling here. The specific powers of a village regarding the supply of water to customers outside the village limits are explicitly defined in a more detailed chapter of the Village Law, which is controlling (*see, Delaware County Elec. Coop. v Power Auth.*, 96 AD2d 154, 163-164, *affd* 62 NY2d 877; *Matter of Delaware & Hudson Ry. Co. v McDonald*, 126 AD2d 29, 32, *appeal dismissed* 70 NY2d 693). That chapter includes the express authorization of the board to acquire ownership of existing pipes under public highways (*see,* Village Law § 11-1110), but does not authorize ownership of the privately installed supply connections of customers outside the Village limits. "[W]here a statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded'" (*Golden v Koch*, 49 NY2d 690, 694, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see, Matter of 1605 Book Ctr. v Tax Appeals Tribunal*, 83 NY2d 240, 245-246, *cert denied* 513 US 811).

We have considered the remaining contentions of the Village and conclude that they are without merit. We modify the judgment, therefore, by vacating the provision dismissing the complaint and by granting judgment in favor of defendants declaring that the Village has not acquired ownership of the water lines and related facilities enumerated in the complaint and that the Village has no preemptive right to sell water in any area of the Town enumerated in the complaint.

All concur, Pine, J., not participating. (Appeal from Judgment of Supreme Court, Monroe County, Fisher, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.