Quik Park 808 Garage, LLC v 808 Columbus Commercial Owner LLC (2020 NY Slip Op 05605)





Quik Park 808 Garage, LLC v 808 Columbus Commercial Owner LLC


2020 NY Slip Op 05605


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 159396/19 Appeal No. 12129 Case No. 2019-05451 

[*1]Quik Park 808 Garage, LLC, Plaintiff-Appellant,
v
808 Columbus Commercial Owner LLC, Defendant-Respondent.


Newman Ferrara, LLP, New York (Jarred I. Kassenoff of counsel), for appellant.
Cullen & Associates, P.C., New York (Kevin D. Cullen of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 25, 2019, which denied plaintiff's motion for a Yellowstone injunction, unanimously reversed, on the law, with costs, and the motion granted.
Defendant leased a parking garage to plaintiff pursuant to a lease agreement in which plaintiff agreed not to "assign, encumber, mortgage or otherwise transfer this Lease, or sublet the Demised Premises or any part thereof, or suffer or permit the Demised Premises or any part thereof to be used or occupied by others." The lease provided, "Tenant may use the Demised Premises for a first class attended indoor public parking accessory parking garage for the parking of passenger motor vehicles (including vehicles owned and rented by a third party, such as Zipcar) and for no other use or purpose." Plaintiff licensed to Avis Budget Rental Car LLC "space for parking of rental passenger motor vehicles in the garage." The license provided that it was "subject and subordinate to the Lease."
We find, contrary to the motion court, that plaintiff established that it was prepared and able to cure the alleged default of "sublet[ting] and/or assign[ing] all or a portion of the demised premises, and/or the lease" (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]). The alleged default is arguably conduct expressly permitted by the lease. Plaintiff expressly agreed that, if the court determined that the license was not permitted by the lease, then it would revoke the license, which is terminable at will (see generally American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155, 156 [1st Dept 1994] [differentiating between lease and license]; see Boi To Go, Inc. v Second 800 No. 2 LLC, 58 AD3d 482, 482 [1st Dept 2009] ["Although denying responsibility for the defaults set forth in defendant's notice . . . , plaintiff has nonetheless evinced a willingness to cure any defaults, if found by the court"]). Contrary to defendant's urging, we have never held that a tenant must take steps to cure an alleged default before there has been a determination that the lease was violated (see Bliss World LLC v 10 W. 57th St. Realty LLC, 170 AD3d 401, 402 [1st Dept 2019]). M-2787 - Quick Park 808 Garage LLC v 808 Columbus Commercial Owner LLC Motion to reargue granted, and, upon reargument, stay pending appeal reinstated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020