Dunn Auto Parts, Inc. v Wells (2021 NY Slip Op 05185)





Dunn Auto Parts, Inc. v Wells


2021 NY Slip Op 05185


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


292 CA 20-00624

[*1]DUNN AUTO PARTS, INC., PLAINTIFF-RESPONDENT,
v
WILLIAM E. WELLS, DOING BUSINESS AS BILL'S AUTO WRECKING, DEFENDANT-APPELLANT. 






TREVETT CRISTO, ROCHESTER (DAVID H. EALY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BARCLAY DAMON LLP, BUFFALO (SARAH A. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Orleans County (Henry J. Nowak, J.), entered September 3, 2019. The order, insofar as appealed from, granted that part of plaintiff's cross motion seeking summary judgment dismissing defendant's third counterclaim. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of plaintiff's cross motion seeking summary judgment dismissing the third counterclaim is denied, and that counterclaim is reinstated.
Memorandum: The parties entered into a contract for plaintiff to purchase defendant's property and automobile scrapping business for a set amount of money. Pursuant to the terms of the contract, defendant would continue to reside in a residence on the property and, for a period of "up to 6 months," would "maintain property taxes in lieu of rent." If defendant remained in the residence "for longer than the 6[-]month period, then [defendant] [would] be required to pay a monthly rent of $800.00 to [plaintiff]." The contract was silent with respect to who was required to pay the property taxes following the initial, six-month period. Inasmuch as no one paid the taxes for several years after the initial six-month period and defendant remained the titled owner of the property, defendant received a notice of foreclosure in December 2015. In an effort to avoid a tax auction, defendant paid the taxes and interest. Aside from the property tax issue, there were other disputes between the parties, who never closed on the real estate transaction. Ultimately, plaintiff commenced this action seeking, inter alia, specific performance of the contract and damages. Defendant answered and asserted various counterclaims, including the third counterclaim, which sought reimbursement for the property taxes and interest paid by defendant.
After defendant moved to compel certain discovery, plaintiff cross-moved for summary judgment in its favor on its five causes of action and dismissing certain counterclaims. Supreme Court granted plaintiff's cross motion to the extent that it sought dismissal of the first and third counterclaims. Defendant appeals from only that part of the order dismissing the third counterclaim. We agree with defendant that the court erred in dismissing the third counterclaim.
It is well settled that " '[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument' " (Chimart Assoc. v Paul, 66 NY2d 570, 572-573 [1986]; see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). The determination whether a contract is ambiguous "is an issue of law for the courts to decide" (Greenfield, 98 NY2d at 569; see Ames v County of Monroe, 162 AD3d 1724, 1725-1726 [4th Dept 2018]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Greenfield, 98 [*2]NY2d at 569; see Ames, 162 AD3d at 1726). "A contract is ambiguous, however, when on its face it 'is reasonably susceptible of more than one interpretation' " (Matter of Wilson, 138 AD3d 1441, 1442 [4th Dept 2016], quoting Chimart Assoc., 66 NY2d at 573).
We agree with defendant that the contractual provisions regarding who was obligated to maintain property taxes after the initial six-month period are ambiguous and cannot be resolved by the courts inasmuch as the " 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence' " (id. at 1443).
Inasmuch as "a contract generally incorporates the state of the law in existence at the time of its formation" (Travelers Indem. Co. v Orange & Rockland Utils., Inc., 73 AD3d 576, 577 [1st Dept 2010], lv dismissed 15 NY3d 834 [2010]), defendant, as the titled owner, would have been responsible for the property taxes, absent a contractual provision to the contrary. Here, however, the contract was not truly silent on the issue of property taxes. It specifically provided that defendant would pay property taxes in one situation but then failed to address who would pay the property taxes in another situation (see generally Reiss v Financial Performance Corp., 279 AD2d 13, 21 [1st Dept 2000], mod on other grounds 97 NY2d 195 [2001]). Based on the maxim expressio unius est exclusio alterius, which applies to contracts as well as statutes (see Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560 [2014]), "[w]here a [document] describes the particular situations in which it is to apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (Village of Webster v Town of Webster, 270 AD2d 910, 912 [4th Dept 2000], lv dismissed in part and denied in part 95 NY2d 901 [2000] [internal quotation marks omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 240; Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372-373 [2018]). Inasmuch as the determination of the intent of the parties depends on a choice among reasonable inferences, we conclude that resolution of the third counterclaim should be left to a trier of fact. We therefore reverse the order insofar as appealed from and reinstate the third counterclaim.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court