Skaneateles Country Club v Cambs (2022 NY Slip Op 07315)

Skaneateles Country Club v Cambs

2022 NY Slip Op 07315

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

687 CA 21-01218

[*1]SKANEATELES COUNTRY CLUB, PLAINTIFF-RESPONDENT,
v
OLIVIA CAMBS, DEFENDANT-APPELLANT. 

GOEDE, DEBOEST & CROSS, PLLC, NAPLES, FLORIDA (PETER J. CAMBS OF COUNSEL), AND MACKENZIE HUGHES LLP, SYRACUSE, FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered July 26, 2021. The judgment granted the motion of plaintiff for summary judgment, declared that the subject agreement is a license terminable at plaintiff's will and denied the cross motion of defendant for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law without costs, the motion is denied, the declaration is vacated, the counterclaims are reinstated, the cross motion is granted, the complaint is dismissed, and judgment is granted in favor of defendant as follows:
It is ADJUDGED and DECLARED that the subject agreement is a license not terminable at plaintiff's will.
Memorandum: Plaintiff is a country club that owns property containing boat slips adjacent to Skaneateles Lake. The parties entered into an assignment agreement (agreement) pursuant to which, inter alia, plaintiff transferred the use and occupancy rights of one of its boat slips to defendant, a member of the country club. The agreement was executed along with a boat slip payment agreement (payment agreement) whereby defendant contributed $5,000 to fund construction of the boat slips. Defendant was one of 80 members of plaintiff who initially agreed to contribute money to the construction costs for the boat slips and who would, in return, be assigned the use and occupancy of a boat slip on the premises. The agreement required defendant to, inter alia, pay an annual maintenance fee and comply with plaintiff's rules and policies. It is undisputed that, at all relevant times, defendant has complied with those provisions.
Following a small claims dispute over the computation of the annual maintenance fee, plaintiff elected to terminate the agreement along with defendant's corresponding right to use and occupy a boat slip on the premises. It thereafter commenced this action seeking a declaration that the agreement is a license terminable at will by plaintiff. Defendant answered and asserted two counterclaims, the first seeking a declaration that the agreement is not terminable at will by plaintiff and the second seeking a permanent injunction requiring plaintiff to provide defendant access to the identical boat slip currently assigned to her under the same terms and conditions as set forth in the agreement. Defendant appeals from a judgment that granted plaintiff's motion for summary judgment on the complaint and dismissing the counterclaims, declared that the agreement is a license terminable at will by plaintiff, and denied defendant's cross motion for summary judgment on her counterclaims and dismissing the complaint.
Defendant contends that Supreme Court erred in granting plaintiff's motion and in denying her cross motion. We agree. We conclude that the agreement, despite being a license, does not provide plaintiff with the right to terminate it at will and, under these circumstances, [*2]defendant is entitled on her cross motion to a declaration in her favor under the first counterclaim and to the injunction sought in the second counterclaim. A license is "a revocable privilege given 'to one, without interest in the lands of another, to do one or more acts of a temporary nature upon such lands' " (Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648, 656 [2014], quoting Trustees of Town of Southampton v Jessup, 162 NY 122, 126 [1900]). Although, generally speaking, licenses are terminable at will (see generally Quik Park 808 Garage, LLC v 808 Columbus Commercial Owner LLC, 187 AD3d 488, 489 [1st Dept 2020]; Z. Justin Mgt. Co., Inc. v Metro Outdoor, LLC, 137 AD3d 577, 578 [1st Dept 2016]; American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155, 156 [1st Dept 1994]), that does not mean that all licenses must be terminable at will regardless of the language contained in the license agreement. Parties to an agreement are, of course, free to agree otherwise. The agreement is in writing and must be construed according to well-settled principles of contractual interpretation by engaging in " 'the process of determining from the words and other objective manifestations of the parties what must be done or forborne by the respective parties in order to conform to the terms of the[ ] agreement[]' " (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082 [2019]). "In construing a contract we look to its language, for 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 559-560 [2014], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).
Contrary to plaintiff's contention, the fact that the subject matter of the agreement is a license entitling defendant to use and occupy a boat slip does not automatically afford plaintiff a right to terminate the agreement at will. Indeed, plaintiff's contention that the terms of the agreement entitle it to terminate the license to use the boat slip at any time and at its sole option is contrary to the reasonable expectations of the parties as expressed in the agreement (see Bestform, Inc. v Herman, 23 AD3d 253, 253-254 [1st Dept 2005], lv denied 6 NY3d 705 [2006]), and fails to "achieve[] 'a practical interpretation of the expressions of the parties' " (Greenwich Capital Fin. Prods., Inc. v Negrin, 74 AD3d 413, 415 [1st Dept 2010]). Here, the terms of the agreement unambiguously state that defendant is required to pay the annual maintenance fee and to comply with plaintiff's rules and policies, thereby establishing through implication that plaintiff may terminate the license only when defendant fails to comply with those specified terms (see generally Albanese v Consolidated Rail Corp., 245 AD2d 475, 476 [2d Dept 1997]). Plaintiff's interpretation of the agreement as permitting plaintiff to terminate the license at will, despite the aforementioned provisions governing defendant's obligations, renders those specific provisions nugatory, contrary to the general approach to interpreting contracts (see generally Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa., 21 NY3d 139, 148 [2013]; Laba v Carey, 29 NY2d 302, 308 [1971], rearg denied 30 NY2d 694 [1972]).
Additionally, the agreement expressly permits defendant to terminate it and receive a return of the monies contributed pursuant to the payment agreement, less any monies owed to plaintiff. We agree with defendant that the express inclusion of a right of termination for her compels the conclusion that the exclusion of any corresponding express right for plaintiff to terminate the agreement was intentional (see generally Quadrant Structured Prods. Co., Ltd., 23 NY3d at 560; Dunn Auto Parts, Inc. v Wells, 198 AD3d 1269, 1271 [4th Dept 2021]). Thus, the very structure of the agreement establishes that the license is not terminable at will by plaintiff.
We also note that "[t]he most fundamental canon of contract interpretation, taking precedence over all others, is that primary attention be given to the purpose of the parties in making the contract" (Massachusetts Mut. Life Ins. Co. v Thorpe, 260 AD2d 706, 709 [3d Dept 1999], lv denied 93 NY2d 814 [1999]; see Morgan v Herzog, 301 NY 127, 135 [1950]). "A fair and reasonable interpretation, consistent with that purpose, must guide the courts in enforcing the agreement" (Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1, 6 [1976]). Here, we conclude that plaintiff's interpretation of the agreement as allowing it to terminate the license at will is unreasonable because it implies that, under such circumstances, plaintiff would have no obligation to return the monies that defendant contributed to the construction of the boat slips, which patently undermines the purpose and intent of the parties as memorialized in the agreement (see generally Greenfield, 98 NY2d at 569).
In light of the foregoing, we reverse the judgment, deny the motion, vacate the [*3]declaration, reinstate the counterclaims, grant the cross motion, dismiss the complaint, and grant judgment in favor of defendant declaring that the agreement is a license not terminable at plaintiff's will.
All concur except NeMoyer and Bannister, JJ., who dissent and vote to affirm in the following memorandum: We agree with the majority's conclusion that the parties' agreement at issue constituted a license and not a lease. We respectfully disagree, however, with the majority's further conclusion that the parties' license was not revocable at will by plaintiff, the licensor.
Generally, licenses for real property are revocable at will by the licensor (see Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648, 656 [2014]; American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155, 156 [1st Dept 1994]; see also Sarfaty v Evangelist, 142 AD2d 995, 996 [4th Dept 1988]). There are limited exceptions to that general rule. For instance, a license may not be revocable at will if the conduct of the licensor makes it inequitable to permit the licensor to revoke it (see generally Sarfaty, 142 AD2d at 996; Ski-View, Inc. v State of New York, 129 Misc 2d 106, 110 [Ct Cl 1985]).
Here, the parties' agreement is unambiguously a license, and we must therefore view it in light of the general rule whereby a license is terminable at will by the licensor. We conclude that the agreement does not unambiguously express an intention on behalf of the parties that the general rule should not apply, and we further conclude that there is no basis for determining that any exception to the general rule applies (see generally Sarfaty, 142 AD2d at 996). Therefore, we conclude that the judgment should be affirmed.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court