■ DANIEL G. MOTT, as Executor of FLORENCE D. MOTT, Deceased, Respondent, v JOSEPH A. CARFIZZI, Defendant, and GARDINER INDUSTRIES, INC., Appellant. [640 NYS2d 282] —Yesawich Jr., J.

This is an action to determine title to a parcel of real property located in the Town of Newburgh, Orange County. Florence D. Mott, who believed herself to be the owner of the property, died in 1987. When plaintiff, in his capacity as executor of Mott's estate, caused a "for sale" sign to be posted on the property, defendant Joseph A. Carfizzi, president of defendant Gardiner Industries, Inc. (hereinafter Gardiner), informed the realtor that Gardiner had a claim to the property by virtue of a correction deed recorded in 1989.

Plaintiff, who also claimed title by virtue of a recorded deed (and, alternatively, by adverse possession), thereafter commenced this action, and Gardiner cross-claimed asserting its ownership. As Carfizzi had no personal claim to the property, the action against him individually was discontinued. After a bench trial at which each party presented the testimony of a surveyor and a title abstractor, tracing the property's title back to the early 1900s or beyond, and plaintiff also elicited testimony bearing on the issue of adverse possession, Supreme Court found in favor of plaintiff on both theories. Gardiner appeals from the resulting judgment insofar as it proclaims that plaintiff has a valid, absolute and unencumbered title to the property.

A review of the record reveals no basis for concluding that Supreme Court erred in crediting the testimony of plaintiff's experts over the proof adduced by Gardiner. James Rinaldi, an

abstract and title insurance agent who testified for plaintiff, recounted a detailed and thorough analysis of the chain of title to the property, as well as the surrounding parcels. He was of the opinion that Mott owned the property and that Gardiner had no claim to any of it. Plaintiff's surveyor, after plotting the boundaries of the property and locating, *inter alia*, the stone walls that were identified in some of the relevant deeds, shared the same opinion.

The contrary conclusions of Gardiner's experts were based primarily on their estimation of the location of the boundary of certain bordering lands. After considering the transcripts and exhibits that have been provided on appeal, and affording due deference to Supreme Court's ability to assess the credibility of the expert witnesses appearing before it (*see, Village of Castleton-On-Hudson v Keller*, 208 AD2d 1006, 1008-1009; *Levy v Braley*, 176 AD2d 1030, 1033), we cannot say that it erred in concluding that this latter opinion was premised, to a great extent, upon "sheer speculation", and thus that plaintiff had better established ownership of the property.

Given the foregoing, it is unnecessary to reach the issue of whether plaintiff proved that decedent and her family had adversely possessed the property for the time period necessary to establish ownership.

Mercure, J. P., Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.