TIMOTHY C. BROWN et al., Respondents, v JOHN W. AMES et al., Appellants. [735 NYS2d 664] —Cardona, P.J. Appeal from an order of the Supreme Court (Swartwood, J.H.O.), entered December 27, 2000 in Chenango County, which, in an action pursuant to RPAPL article 15, determined that plaintiffs are the title owners of certain real property.

This dispute involves ownership and title to a parcel of real property located in the Town of North Norwich, Chenango County, that lies between properties owned by the parties. Both properties were once owned by Boniface Everard and Rozella Everard, the parents of defendant Janet S. Ames. Plaintiffs' predecessors in interest took title to a portion of the Everard property located north of Thompson Creek, which was excepted in the deed conveying the remainder of the property located to the north of this disputed parcel to defendants. The various deeds to both properties describe plaintiffs' property as bounded generally to the northeast by an iron pipe located near an apple tree and to the northwest by an iron pin located along Mudge King Road, which then runs southerly towards the bridge spanning Thompson Creek. From the bridge, the property then runs east and then north along Thompson Creek back to the apple tree. It is the northern east-west boundary of the parcel that is in dispute, with the parties disagreeing as to how far to the north on Mudge King Road the location of the northwestern corner of the boundary should be placed.

As a result of the dispute, in July 1998, defendants hired a surveyor to determine the boundary line between the properties and he could not find the iron pin referred to in the deed which was to mark the northwestern corner of the property. Consequently, the surveyor used the approximate distance measurements contained in the deed description to locate and set a new five-eighth-inch steel pipe on Mudge King Road as the location of the northwestern corner. Defendants thereafter installed a wire fence along this boundary line. Plaintiffs, in turn, hired their own surveyor in August 1999 and he located a bent and damaged iron pipe in a disturbed area along Mudge King Road north of the steel pipe set by defendants. That pipe was similar to the iron pipe located at the eastern boundary apple tree. He used this pipe to locate what plaintiffs claim to be the northwestern corner of their property. The conflicting locations of the northwestern corner created a pie-shaped area of land that is the subject of this dispute.

Plaintiffs commenced this RPAPL article 15 action to be declared the owners of the disputed area under color of title or, alternatively, by adverse possession. Following a nonjury trial, Supreme Court found, inter alia, that the iron pipe located by plaintiffs' surveyor was the correct boundary marker and, thus, plaintiffs were the title owners of the disputed area. Defendants appeal.

In determining the location of property boundaries, "natural landmarks and artificial monuments take precedence over mere metes and bounds descriptions" (*Zelnik Realty v York*, 170 AD2d 926, 928; *see, Pauquette v Ray*, 58 AD2d 950, 952). Nevertheless, defendants argue that since their surveyor was unable to locate the western iron pipe marker when their survey was conducted, Supreme Court erred in failing to find that plaintiffs placed the iron pipe at the location they desired so that their surveyor could find it. Significantly, in a nonjury case, substantial deference is accorded to the trial court's assessment of credibility issues (*see, Weinberg v Crilley*, 252 AD2d 861, 862-863; *Kerryville Props. v Buvis*, 240 AD2d 898, 900; *Mott v Carfizzi*, 225 AD2d 1009, 1010). Upon review of this record, we conclude that Supreme Court was within its discretion in crediting plaintiffs' testimony regarding the location of the iron pipe boundary marker. Notably, plaintiffs' expert gave a plausible explanation for the failure of defendants' expert to locate the marker by noting that the iron pipe was damaged and had been obscured by construction activity in the area. Under the circumstances, we find no reason to disturb Supreme Court's decision.

Given our conclusions in this regard, it is unnecessary to consider Supreme Court's alternative finding that plaintiffs, and their predecessors in interest, used the disputed property sufficiently to acquire title by adverse possession.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.