■ DAVID B. SHARPE, Respondent, v JOANNE RAFFER, Appellant. [893 NYS2d 674]—

Malone Jr., J.

Plaintiff commenced this action seeking partition or sale of property located in Delaware County that he purchased in 1999 with defendant as joint tenants with the right of survivorship. Following a nonjury trial, Supreme Court determined that the parties' basis in the property was $202,867. This figure consisted of the purchase price of $168,000, plus closing costs of $5,544 and improvements of $36,248, less a septic system rebate of $6,925, which was undisputedly received by defendant. The court ordered the sale of the property and attributed plaintiff with a 45% interest in the proceeds, crediting him with the down payment of $48,000, the closing costs—which the parties did not dispute were paid by plaintiff—and payments toward the mortgage principal of $2,478. The court attributed a 55% interest to defendant, crediting her with the mortgage payoff amount of approximately $117,521, which she undisputedly paid from money that she had inherited, less the $6,925 septic system rebate. Defendant thereafter moved pro se pursuant to, among other things, CPLR 4404 and 5015 to vacate the order, which motions were denied by Supreme Court. Defendant appeals from both orders, contending that Supreme Court erred by crediting plaintiff with the full amount of the down payment on the purchase of the property, as well as the full amount of repairs and improvements made thereto.

In fashioning an award in a partition action, a court may consider the amount of any down payment and any mortgage

payments, as well as the reasonable value of repairs and improvements made to the property (*see Vlcek v Vlcek*, 42 AD2d 308, 311 [1973]). When reviewing an order of a court made after a nonjury trial, this Court may independently review the weight of the evidence and the inferences drawn therefrom, but will give due deference to the trial court's credibility assessments, given its advantage of observing the witnesses's demeanor during their testimony (*see Sterling v Sterling*, 21 AD3d 663, 664-665 [2005]). Here, defendant testified that she turned over approximately $47,426 to plaintiff between 1994 and 1999 with the understanding that he would hold the money for her as savings and that he used that money, in addition to his own, when he made the down payment. While plaintiff did not deny receiving the money from defendant, he claimed that she gave him that money to cover her share of the rent owed on their primary residence during that time period, a claim that was flatly denied by defendant. However, plaintiff supported this claim by producing rent records, which established that the parties paid $97,752 in rent during the period at issue. Supreme Court obviously credited plaintiff's testimony that it was his money alone that was used to pay the down payment and, on this record, we cannot say that the determination that plaintiff would be credited with the full amount of the down payment was an abuse of discretion.

As for the improvements made to the property, which were valued by Supreme Court at $36,248, plaintiff established that between 1999 and 2005 he issued checks to defendant that totaled more than $74,000. According to plaintiff, these funds were then used by defendant to pay for the improvements and repairs at the property, as well as other incidental expenses. Although defendant admitted to receiving money from plaintiff during that time, she claimed that such funds were used to cover expenses related to the maintenance of the parties' apartment, care for their dogs and other living expenses that were unrelated to the property. According to defendant, she contributed approximately $25,000 toward $36,000 worth of improvements, which came from her own money as well as from funds that she had previously transferred to plaintiff. Although defendant's version of events is not totally improbable, according deference to Supreme Court's credibility assessments, its finding that plaintiff provided all of the funds used to make improvements to the property is supported by the record and will not be disturbed.

Finally, contrary to defendant's contention, Supreme Court did not abuse its discretion in denying her motions pursuant to

CPLR 4404 and 5015 to vacate the order. The exhibits that defendant submitted in support of her motions were either repetitive of evidence that had been introduced at trial or unrelated to improvements or repairs to the property at issue and, therefore, were irrelevant. Defendant's claims that plaintiff and his counsel made fraudulent misrepresentations during trial are unsupported by the record. To the extent not expressly addressed herein, defendant's remaining contentions have been considered and found to be unpersuasive.

Cardona, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.