■ SUZANNE H. HENSHAW, Appellant, v MARK E. YOUNES, Respondent. [957 NYS2d 501]—

Stein, J.

Inasmuch as we agree with Supreme Court's determination that defendant holds record title to the property in question, we affirm. Plaintiff's property consists of four parcels, designated as parcels I, IV, V and VII on a survey prepared by Bolster and Associates in 2007 and revised in 2009 (hereinafter the Bolster survey). Defendant owns three parcels of land adjacent to one another, which are entirely bounded by plaintiff's property except for defendant's westernmost boundary.[1] The parties agree that plaintiff's parcels I and IV lie directly south of defendant's property and that parcel V lies to the east and north thereof; the location of parcel VII is in dispute.[2] Defendant's deeds granted him an easement over a historical private road called In a Mae Bolton's driveway (hereinafter the private road), which is located on plaintiff's property—at least partially along the northern boundary of parcels I and IV—and delineates the border between such parcels and defendant's southern boundary.

The crux of the parties' dispute concerns the exact location of the private road which, in turn, is determinative of where the southern boundary of defendant's property and the northern boundaries of parcels I and IV meet. Plaintiff asserts that the private road is depicted as an overgrown driveway on the Bolster

---

**1.** Neither party obtained a survey of their respective properties prior to purchasing them, although plaintiff did obtain a deed plot from a licensed surveyor, James Nestor, around the time of her purchase in 1988. While plaintiff now claims that the Nestor deed plot is inaccurate, she referred to it as "a valid survey map" in a 2002 letter to defendant.

**2.** Plaintiff contends that parcel VII lies to the south of parcels I and IV, while defendant contends that such parcel is located north of his property and west of the northernmost portion of parcel V.

survey and on a survey prepared for defendant by Van Dusen & Steves in 2008 (hereinafter the 2008 Steves survey), and that defendant has destroyed the private road and obstructed her use thereof and her access to parcel V. On the other hand, defendant contends, and Supreme Court found, that the private road is an approximately nine-foot strip of land contained just south of the northern boundary of parcel I, as depicted by a dotted line in a survey prepared by Van Dusen & Steves for a third party in 2000. If, as plaintiff alleges, the private road is the same as the overgrown driveway, the boundaries for parcels I and IV, as well as defendant's property boundaries, would shift north.[3] If, however, defendant's contentions are correct, the "obstructions" of which plaintiff complains are located on property to which he holds record title.

It is well settled that deeds are to be construed with reference to the intent of the parties and, where ambiguity exists, parol evidence is admissible to resolve disputes (*see Schweitzer v Heppner*, 212 AD2d 835, 838 [1995]). Additionally, references to natural landmarks and artificial monuments take precedence over distance descriptions (*see Brown v Ames*, 290 AD2d 693, 694 [2002]). In support of their respective positions, the parties proffered, among other things, the deed descriptions and the testimony of licensed surveyors, who provided their expert opinions to Supreme Court. Significantly, plaintiff's expert did not find the iron stakes described in her deed at any of the four corners of parcel I. Therefore, he relied on measurements from what he alleged was the location of the private road referenced in the deed, as well as the recollection of a former owner, in determining the approximate location of the private road, although he was not on the property when the former owner indicated where the driveway was located.

In contrast, defendant's expert, Matthew Steves, testified that his field crew visited the subject property and located the corners of defendant's property boundaries as depicted in the survey he prepared for defendant in 2002. That survey located five out of six monuments to delineate defendant's property boundaries. Steves asserted that his depiction of defendant's boundaries was consistent with previous surveys and that the overgrown driveway depicted on the 2008 Steves survey is not the private road located on plaintiff's property. He also testified

**3.** Notably, this would create an unexplained gap between the southern boundaries of parcels I and IV and the neighboring property to the south. In order to account for this gap, plaintiff alleges, and her expert testified, that parcel VII is located south of parcels I and IV, rather than to the north of defendant's property, as previously believed.

that he found no evidence to support plaintiff's assertion that parcel VII is located south of parcel I and opined that such placement would be inconsistent with the deed description. Additionally, Steves testified that the location of the berm, ditch and apron, as shown on the Bolster survey, are historical indicators of the private road and are situated on the northern edge of plaintiff's property, where he alleges the private road is located.

Based on our own independent review of the evidence and giving due deference to Supreme Court's credibility assessments (*see Sharpe v Raffer*, 69 AD3d 1137, 1138 [2010], *lv dismissed* 15 NY3d 800 [2010]; *Brown v Ames*, 290 AD2d at 694), we discern no basis to disturb Supreme Court's determination that Steves' opinion was persuasive and, accordingly, that defendant holds record title to the disputed property. We have examined plaintiff's remaining contentions and find them to be either academic or without merit.

Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.