■ BURTON FINCH et al., Respondents, v THOMAS C. HAYNES, Appellant, et al., Defendant. [962 NYS2d 495]—

Rose, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered April 12, 2012 in Otsego County, upon a decision of the court in favor of plaintiffs.

Plaintiffs entered into a lease agreement with an option to purchase real property owned by defendants in the Towns of Morris and Butternuts, Otsego County. Plaintiff Tara Finch is defendant Lucinda Gilbert's daughter, and defendants are brother and sister. The property was previously owned by defendants' parents and consists of approximately 67 acres on three separate tax parcels. Plaintiffs commenced this action after defendant Thomas C. Haynes refused to convey the property to them in accordance with the terms of the option agreement.[1] Following a nonjury trial, Supreme Court granted specific performance to plaintiffs. Haynes now appeals, arguing that the lease and option agreement encompassed only the house and a five-acre parcel, and not the entire 67-acre property.

The parties agreed to lease "a dwelling . . . formerly the home of [defendants' parents]" and granted plaintiffs the option to purchase "said property." Plaintiffs were required to pay monthly rent of $500 into an escrow account for the purpose of paying taxes, insurance and routine maintenance. The total of those payments was to be a credit against the purchase price. The amount of acreage to be included, however, is not described.

---

1. Gilbert did not appear and has defaulted.

Finding that the agreement is ambiguous concerning the amount of acreage to be conveyed, we necessarily look to extrinsic evidence to determine the parties' intent (*see Howard Carr Cos., Inc. v Tech Val. Plaza, LLC*, 74 AD3d 1534, 1535 [2010]; *CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 657 [2004]; *Matter of Dube v Horowitz*, 258 AD2d 724, 725 [1999]). In doing so, we will construe the ambiguity against Haynes as the drafter of the agreement (*see 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]; *Leo v Stevens*, 307 AD2d 453, 454 [2003], *lv denied* 1 NY3d 502 [2003]).

Although the property is contained on three separate tax parcels, there is only one deed transferring ownership of the entire 67 acres to defendants. Furthermore, plaintiffs paid the taxes on each separate tax parcel while residing on the premises, and none of the tax parcels consists of five acres.[2] Haynes' contention that the price agreed upon in the option agreement is significantly lower than the combined assessed value is not supported by the record. In any event, Supreme Court credited plaintiff Burton Finch's testimony that the price included the entire 67 acres and reflected the poor condition of the home, which had been vacant for over a year and damaged by a flood prior to plaintiffs moving into it. Giving appropriate deference to Supreme Court's credibility determinations in favor of plaintiffs, we find the verdict supported by a fair interpretation of the evidence and decline to disturb it (*see Ash v Bollman*, 80 AD3d 1115, 1118 [2011]; *Sharpe v Raffer*, 69 AD3d 1137, 1138 [2010], *lv dismissed* 15 NY3d 800 [2010]; *Sterling v Sterling*, 21 AD3d 663, 664-665 [2005]). We have considered Haynes' remaining contentions, including his argument regarding modification of the agreement, and find them to be similarly without merit.

Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs, and defendants ordered to execute and deliver a bargain and sale deed to plaintiffs upon the terms specified in the judgment within 60 days of the date of this Court's order.

---

2. The tax parcels consist of 13.85, 24.94 and 28.15 acres.