New York Tile Wholesale Corp. v Thomas Fatato Realty Corp. (2025 NY Slip Op 07312)

New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.

2025 NY Slip Op 07312

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-11455
 (Index No. 49320/01)

[*1]New York Tile Wholesale Corp., respondent,
v
Thomas Fatato Realty Corp., et al., appellants.

Harris Beach Murtha Cullina PLLC, White Plains, NY (Darius P. Chafizadeh, Doreen Klein, and Brian Ginsburg of counsel), for appellants.
Feder Kaszovitz LLP, New York, NY (Murray L. Skala, Bruce Robins, David Sack, and Steven Cohn of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a lease provision, the defendants appeal from an amended judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 6, 2024. The amended judgment, insofar as appealed from, upon a decision of the same court dated January 19, 2024, made after a nonjury trial, is in favor of the plaintiff and against the defendants directing specific performance of a lease provision giving the plaintiff a right of first refusal to purchase the subject property, declaring a deed dated October 12, 2000, conveying the subject property to the defendant Garden Estates, LLC, to be null and void, and directing the defendant Thomas Fatato Realty Corp. to execute and deliver a deed conveying title to the subject property to the plaintiff.
ORDERED that the amended judgment is affirmed insofar as appealed from, with costs.
In 1981, the defendant Thomas Fatato Realty Corp. (hereinafter Fatato) entered into an agreement to lease a portion of its commercial property in Brooklyn to the plaintiff. In 1986, the plaintiff entered into a new lease with Fatato, which contained a provision stating that "[i]n the event of a sale of this property, the tenant has the first right of refusal." The lease was renewed several times with the right of first refusal provision remaining unchanged.
By deed dated October 12, 2000, Fatato transferred title to the property to the defendant Garden Estates, LLC (hereinafter Garden). In December 2001, the plaintiff commenced this action, inter alia, for specific performance of the lease provision giving the plaintiff a right of first refusal to purchase the property. After a nonjury trial, in a decision dated January 19, 2024, the Supreme Court, inter alia, found in favor of the plaintiff on the cause of action for specific performance of the right of first refusal lease provision. On September 6, 2024, the court issued an amended judgment, among other things, in favor of the plaintiff and against the defendants directing specific performance of the right of first refusal lease provision, declaring the October 12, 2000 deed conveying the property to Garden to be null and void, and directing Fatato to execute and deliver a deed conveying title to the property to the plaintiff. The defendants appeal.
In reviewing a determination made after a nonjury trial, the power of this Court "is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts," taking into account that in a close case, the trial judge had the advantage of seeing the witnesses (Pyros v Dengel, 35 AD3d 424, 425 [internal quotation marks omitted]; see Thuro Metal Prods., Inc. v Farber Indus., LLC, 242 AD3d 1138). Here, the Supreme Court's determination that the plaintiff was entitled to specific performance of the right of first refusal lease provision was warranted by the facts (see ADC Orange, Inc. v Coyote Acres, Inc., 111 AD3d 771, 771; H. G. Fabric Discount v Pomerantz, 130 AD2d 712, 713). Contrary to the defendants' contention, the plaintiff demonstrated that it was ready, willing, and able to exercise the right of first refusal (see Thomas v Rogers Auto Collision, Inc., 69 AD3d 608, 609; Harper v Sealy, 6 AD3d 391, 391; Stawski v Epstein, 67 AD2d 681, 682).
Furthermore, the Supreme Court's finding that Fatato's conveyance of title to Garden constituted a sale and was not, as the defendants proposed, a buy-in to a joint venture is supported by the trial record, and we decline to disturb the court's determination as to the witnesses' credibility (see generally Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914, 916).
Contrary to the defendants' further contention, the Supreme Court did not err in determining that the right of first refusal covered the entire property (see Finch v Haynes, 104 AD3d 1113, 1114; cf. C & B Wholesale Stationery v De Bella Dresses, 43 AD2d 579).
The defendants' remaining contentions are without merit.
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court