OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Defendants David and Edwin Mirvish are the president and chairman, respectively, of Mirvish Productions (MP), a Canadian theatrical production company. They also own the Old Vic Theater in London, England, through an entity called Ed Mirvish Enterprises Limited ("Enterprises”). In April 1993, plaintiff Hirschfeld Productions, Inc. (HPI) and MP entered into a joint venture agreement to produce the theatrical production "Hair” at the Old Vic Theater. The agreement was signed by David Mirvish on behalf of MP, and contained the following arbitration clause:
 

 "Should a dispute arise from this agreement or from its interpretation then the Producers agree that such dispute shall be referred to an Arbitrator to be appointed in the absence of agreement between the disputing parties by the President for the time being of the Society of West End Theatre in accordance with U.K. law.”
 

 The play closed soon after opening due to poor box office returns and plaintiff HPI commenced this action against defendants Edwin and David Mirvish individually in their capacities as officers of MP and owners of Enterprises. The complaint asserted claims of tortious interference with contract and breach of fiduciary duty. Defendants moved for an order staying the action and compelling arbitration. Supreme Court denied the motion and the Appellate Division reversed. The question is whether the arbitration clause was meant to cover defendants, nonsignatories, permitting them to compel plaintiff to submit to arbitration.
 

 Inasmuch as the dispute involves an international commercial contract, it is governed by the Federal Arbitration Act and Federal law
 
 (see,
 
 9 USC § 201
 
 et seq.; Fletcher v Kidder, Peabody & Co.,
 
 81 NY2d 623, 630-631,
 
 cert denied
 
 510 US 993
 
 *1056
 
 [1993]). The Federal courts have consistently afforded agents the benefit of arbitration agreements entered into by their principals to the extent that the alleged misconduct relates to their behavior as officers or directors or in their capacities as agents of the corporation
 
 (Roby v Corporation of Lloyds,
 
 996 F2d 1353, 1360 [2d Cir],
 
 cert denied
 
 510 US 945 [1993];
 
 Letizia v Prudential Bache Sec.,
 
 802 F2d 1185, 1188 [9th Cir 1986];
 
 Arnold v Arnold Corp.,
 
 920 F2d 1269, 1281 [6th Cir 1990];
 
 Pritzker v Merrill Lynch, Pierce, Fenner & Smith, 7
 
 F3d 1110, 1121-1122 [3d Cir 1993]). The rule is necessary not only to prevent circumvention of arbitration agreements but also to effectuate the intent of the signatory parties to protect individuals acting on behalf of the principal in furtherance of the agreement
 
 (see, Roby, supra,
 
 at 1360;
 
 Letizia, supra,
 
 at 1188;
 
 Arnold, supra,
 
 at 1281;
 
 Pritzker, supra,
 
 at 1122;
 
 McCarthy v Azure,
 
 22 F3d 351, 357 [1st Cir 1994]).
 

 Plaintiff’s complaint is directed to misconduct related to HP’s failure to effectively produce and promote the play, not to defendants’ roles as owners of Enterprises. Accordingly, the parties are bound by the agreement between plaintiff and MP to arbitrate their disputes.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.