■ In the Matter of FERNANDO LOSADA, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [717 NYS2d 568] —Determination of respondent Police Commissioner dated on or about February 19, 1999, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Braun, J.], entered October 20, 1999), dismissed, without costs.

Substantial evidence supports respondent's findings that petitioner, while off-duty, was in a traffic-related altercation during which he wrongfully punched and kicked the driver of the other vehicle, causing him physical injury, and that petitioner filed a criminal complaint regarding the incident that falsely portrayed the other driver as the aggressor, causing his detention. No basis exists to disturb respondent's findings of credibility (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). The penalty of dismissal does not shock our sense of fairness, particularly given that this was petitioner's second adjudication of violent misconduct within 16 months. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.

■ ANASTACIO AYALA, JR., Appellant, v GLENN DELGADO et al., Respondents. [718 NYS2d 295] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about July 7, 2000, which granted defendants' motions to vacate the note of issue, and denied plaintiff's cross motion to "implement" a prior decision of Justice Kenneth Thompson, Jr. directing that an order be settled granting a default judgment as against two of the three defendants, unanimously affirmed, without costs.

Justice Targum properly rejected plaintiff's request that she implement Justice Thompson's decision, with appropriate advice to present such request to Justice Thompson. In light of the strong public policy favoring resolution of disputes on the merits and plaintiff's failure to provide any disclosure, the note of issue was properly vacated. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.