OPINION OF THE COURT
Richard B. Lowe III, J.
*814 Defendant Robert Lee moves this court pursuant to CPLR 7503 (a) for an order compelling plaintiff Delbert L. Dunmire to arbitrate the claims asserted herein.
Background
This case seeks to recover damages due to alleged negligent supervision and mismanagement of plaintiffs funds by defendant Lee. Lee was employed by Dean Witter Reynolds, Inc., now known as Morgan Stanley DW, Inc., in 1982 at all relevant times. Specifically, plaintiff alleges to have suffered losses in his Morgan Stanley margin account from allegedly incorrect information received from his former financial advisor, Matthew Hoffman, while Hoffman was employed as a broker by Morgan Stanley and supervised by Lee.
Dunmire had various brokerage accounts at Morgan Stanley, including a margin account. The margin account is subject to a customer agreement entered into by plaintiff and Morgan Stanley’s predecessor firm, entitled “Customer Agreement: Margin Account.” The customer agreement contains the following arbitration clause:
“[Plaintiff] agree[s] and, by carrying my accounts [Morgan Stanley] agree [s] that all controversies between me . . . and [Morgan Stanley] or [its] agents, representatives or employees arising out of or concerning any such accounts, any transactions between us or for such accounts, or the construction, performance or breach of this or any other agreement between us, whether entered into, on or subsequent to [November 16, 1989], shall be determined by arbitration in accordance with the rules of . . . the National Futures Association [in case of controversies concerning futures or commodities].”
The customer agreement also states that “it shall be interpreted and enforced under the Federal Arbitration Act ...” and “it shall be binding upon . . . any successor organization.” In addition to the customer agreement, plaintiff entered into a client account agreement effective August 1999. The client account agreement contains a clause requiring arbitration of
“all controversies between [plaintiff] . . . and Morgan Stanley Dean Witter or its agents . . . arising out of or concerning any of [plaintiffs] accounts orders or transactions or the construction, perfor *815 manee, or breach of this or any other agreement between us, whether entered into before or after the date an account is opened.”
In December 2000, Morgan Stanley requested that plaintiff sign a new account agreement that set forth further terms and conditions. The 2000 agreement contains an integration clause which declares that “[t]his Agreement constitutes the entire agreement between Customer and DWR with respect to the subject matter hereof and supercedes any prior agreements between the parties with respect to such subject matter.” The 2000 agreement contains an arbitration clause; however, it does not contain the same language as the earlier agreements whereby the clause does not specifically state plaintiff must also arbitrate his claims against Morgan Stanley’s employees or agents.
Dunmire has previously instituted arbitrations against Morgan Stanley, Lee, Hoffman, and another Morgan Stanley employee, Lawrence Schneider, before the Commodity Futures Trading Commission and against Morgan Stanley before the National Futures Association based on the same facts and events contained in the current complaint. Plaintiff has also filed three different lawsuits in three different states — one action against Hoffman in the United States District Court for the Southern District of New York; an additional federal case against Schneider in the United States District Court for the Northern District of Illinois; and a privacy action against Morgan Stanley in the United States District Court for the Western District of Missouri. With the exception of the privacy action, the others rely on the same facts and circumstances as pleaded in the instant complaint.
Defendant moves this court to compel arbitration arguing that, pursuant to the 1989 and 2000 agreements, the parties are bound to arbitration. The plaintiff argues that where the 2000 agreement specifically excludes the requirement to arbitrate claims against Morgan Stanley employees, then arbitration is inappropriate in this action.
Discussion
An employee acting as an agent of his employer may invoke the benefits of the employer’s arbitration agreement to arbitrate claims with the agreement’s counter party even where the employee is not a signatory (Hirschfeld, Prods. v Mirvish, 88 NY2d 1054, 1056 [1996], citing Roby v Corporation of Lloyd's, 996 F2d 1353, 1360 [2d Cir 1993]). “If it were otherwise, it would be too *816 easy to circumvent [arbitration] agreements by naming individuals as defendants instead of the [principals] themselves.” (Roby, 996 F2d at 1360.)
Here, there is no dispute that Lee was a Morgan Stanley employee at all times relevant to the actions alleged in the complaint. There is also no dispute that the 2000 agreement requires plaintiff to arbitrate all of his disputes with Morgan Stanley. Therefore, the arbitration agreement between plaintiff and Morgan Stanley applies to claims asserted against Lee related to his capacity as an employee of Morgan Stanley.
Plaintiff argues the claims pleaded in the complaint do not relate to Lee’s employment responsibilities. However, a review of the complaint reveals the contrary. For example, the complaint pleads:
“32. As a supervisor at Morgan Stanley responsible for, among others, oversight of the duties of Matt Hoffman, Bob Lee had a fiduciary duty to Dunmire
“33. Bob Lee breached his fiduciary duty and failed to exercise reasonable care in the course and performance of that oversight and monitoring of Matt Hoffman, the effect and result of which caused Dun-mire to receive grossly false information concerning the status of his futures trading account, as more fully alleged above . . .
“34. As a result of Bob Lee’s breaches of his fiduciary duty, Dunmire suffered a significant pecuniary loss, as more fully explained above.”
Accordingly, this court finds the pleadings, as drafted, raise claims related to Lee’s conduct during the scope of his employment with Morgan Stanley.
Plaintiff also argues that where the 2000 agreement specifically excluded language related to the arbitrability of claims related to Morgan Stanley’s employees, this evidences an intent that the arbitration clause not apply to nonsignatory employees. Plaintiff points to provisions other than the arbitration clause, in the 2000 agreement, which specifically refer to “agents, representatives, or employees.” This argument was specifically rejected by federal courts in Illinois and New York. (Dunmire v Schneider, US Dist Ct, ND Ill, Dec. 15, 2005, 05 CV 3450; Dunmire v Hoffman, US Dist Ct, SD NY, Aug. 24, 2006, 05 CV 4852.)
This court agrees with the holding by the federal courts whereby they found that Morgan Stanley employees should not *817 be deprived of the presumption that employees may invoke the benefit of his/her employers’ arbitration agreement merely because the 2000 agreement did not include the precise words “agents, representatives, or employees,” especially where the 2000 agreement does not express such an intent. Furthermore, when the 2000 agreement refers to Morgan Stanley and liability incurred due to various acts it may take on behalf of its customer, it is presumed that reference is made actually to the acts of the employees. As other courts have held, “An entity such as [Morgan Stanley] can only act through its [agents and] employees, and an arbitration agreement would be of little value if it did not apply to [them].” (Pritzker v Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F3d 1110, 1122 [3d Cir 1993].)
Conclusion
Therefore, based on the foregoing, it is hereby ordered that the motion to compel arbitration is granted and this action is stayed pending such arbitration.