■ HRH Construction LLC, Appellant, v Metropolitan Transportation Authority, Respondent. [823 NYS2d 140]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 29, 2006, which denied plaintiff's motion for a temporary restraining order and preliminary injunction, and granted defendant's cross motion to compel plaintiff to arbitrate and otherwise to dismiss the complaint, unanimously affirmed, with costs.

This action arose out of a dispute over payments allegedly due and owing under a construction management agreement (CMA) entered into between defendant Metropolitan Transportation Authority (MTA) and HRH Construction Interiors, Inc. (Interiors), a subsidiary of HRH Construction Corp., the assets of which were subsequently purchased by plaintiff HRH Construction LLC (HRH LLC). The CMA provided that disputes related to it were to be arbitrated. An arbitration proceeding, putatively between the MTA and Interiors, commenced, but after nine sessions, the MTA learned that HRH LLC, as a result of the asset purchase agreement and management services agreement, had taken over Interiors' performance of the CMA and, accordingly, was the real party in interest in the arbitration. The MTA moved to join HRH LLC in the arbitration, and HRH LLC commenced this action seeking, inter alia, a permanent injunction preventing the MTA from joining HRH LLC as a party to the arbitration between Interiors and the MTA, or otherwise compelling HRH LLC to arbitrate on the basis of the CMA. HRH LLC moved for a preliminary injunction, and the MTA cross-moved to compel HRH LLC to arbitrate.

A nonsignatory to an agreement containing an arbitration clause that has knowingly received direct benefits under the agreement will be equitably estopped from avoiding the agreement's obligation to arbitrate (*see MAG Portfolio Consultant, GMBH v Merlin Biomed Group LLC*, 268 F3d 58, 61 [2d Cir 2001]). Under its asset purchase and management services agreements with Interiors' parent company, HRH LLC undertook Interiors' CMA obligations and derived a direct benefit, receiving over $7,000,000 for its performance of the CMA. Accordingly, since HRH LLC knowingly assumed performance of the CMA and derived a direct benefit therefrom, it is estopped from avoiding arbitration under the CMA.

Although plaintiff contends that the MTA learned as early as

January 2002 about the asset purchase agreement pursuant to which plaintiff displaced Interiors under the CMA, and, accordingly, that defendant's request to join it in the arbitration was untimely, this contention is premised on a letter sent to the New York City Transit Authority, not the MTA, respecting a bid on an unrelated project in Queens. The letter to the New York City Transit Authority was not sufficient notice to the MTA, a separate entity (*see Lopez v Metropolitan Transp. Auth.*, 267 AD2d 359 [1999]), and, in any case, did not comport with the notice provisions of the CMA.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Williams, Gonzalez and Catterson, JJ.