In the Matter of JOSEPH CAMMARATA et al., Respondents, v INFOEXCHANGE, INC., Appellant. [996 NYS2d 266]—

Amended order, Supreme Court, New York County (Eileen Bransten, J.), entered September 4, 2013, which granted the petition brought pursuant to CPLR article 75 to stay arbitration, and denied the cross petition to compel arbitration of an employment dispute, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 26, 2013, unanimously dismissed, without costs, as superseded by the appeal from the amended order.

Supreme Court properly found that there was no evidence establishing petitioner Cammarata's "clear, explicit and unequivocal" agreement to arbitrate any disputes with respondent, and hence, he could not be compelled to arbitrate (*see Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [1984]). Cammarata did not sign the employment agreement proffered to him, and the record is also devoid of any "clear indication" of his intent to be bound by the agreement so as to impute to him the intent to arbitrate as a nonsignatory (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). Nor is there evi-

dence that Cammarata received a direct benefit under the employment agreement which might support a theory of estoppel. The record shows, at most, that he may have "exploit[ed] the contractual relation of the parties, but not the agreement itself" (*see Matter of Belzberg v Verus Invs. Holdings Inc.*, 21 NY3d 626, 631 [2013]).

In any event, the Supreme Court properly found that the terms of Cammarata's unsigned employment agreement, as well as the signed employment agreement of petitioner Erik Cohen, do not mandate arbitration of the dispute at issue. As articulated in its amended answer, respondent's claims against both petitioners are based on alleged violations of the covenants in the agreements relating to confidentiality, noncompetition, disclosure, and nondisparagement. However, the agreements' choice of law provisions provide that the "exclusive venue" for "any action, demand, claim, or counterclaim relating to the terms and provisions of" the covenants embodied in the respective sections of the agreements, including the breach of those covenants, shall be in "the state or federal courts located in the State and County of New York." The respective arbitration provisions themselves reiterated the exclusion of claims arising from the covenants, and also exclude claims by respondent for equitable relief, while mandating that all other claims arising from the other provisions of the agreements be submitted to arbitration. Rather than a clear, explicit, and unequivocal intent to arbitrate the particular subject matter (*see Waldron*, 61 NY2d at 183-184), the evidence indicates that the parties agreed that the kind of claims at issue here would not be arbitrated. Hence, respondent, as the proponent of arbitration, did not satisfy its "burden of demonstrating that the parties agreed to arbitrate the dispute at issue" (*Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd.*, 44 AD3d 581, 583 [1st Dept 2007]), and Supreme Court properly granted petitioners' motion to stay, and denied respondent's cross motion to compel, arbitration.

We have considered respondent's remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.