14-2668
Benzemann v. Citibank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of November, two thousand fifteen.

Present:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.
_____

ALEXANDER A. BENZEMANN,

                     *Plaintiff-Appellant*,

             v.                                          14-2668-cv

CITIBANK N.A., HOUSLANGER & ASSOCIATES, PLLC,
TODD E. HOUSLANGER, AND NEW CENTURY FINANCIAL SERVICES,

                     *Defendants-Appellees*.[*]
_____

Appearing for Appellant:     Andrew L. Tiajoloff, Tiajoloff & Kelly LLP (Edward P. Kelly, *on the brief*), New York, NY.

Appearing for Appellees:     Robert J. Bergson, Abrams Garfinkel Margolis Bergson, LLP (Eric B. Post, *on the brief*), New York, NY, *for Defendants-Appellees Houslanger & Associates, PLLC and Todd E. Houslanger.*

_____

[*] The Clerk of Court is directed to amend the official caption to conform with the caption above.

Anthony I. Giacobbe, Zeichner Ellman & Krause LLP (Barry J. Glickman, *on the brief*), New York, NY, *for Defendant-Appellee Citibank, N.A.*

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

      Appellant Alexander A. Benzemann appeals from the June 27, 2014, judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*), dismissing his claims under the Fair Debt Collections Practices Act ("FDCPA"), 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment, and state law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      In this summary order, we address the district court's dismissal of the Section 1983 and Due Process claims against Defendants Houslanger & Associates, PLLC and Todd E. Houslanger ("Houslanger Defendants") and all of Benzemann's claims against Defendant Citibank, N.A ("Citibank"). An accompanying opinion addresses the remainder of Benzemann's claims.

## I. Section 1983 and Due Process Claims Against Houslanger Defendants

      Benzemann sued the Houslanger Defendants under Section 1983 and the Due Process Clause, arguing that these defendants interfered with his Fifth and Fourteenth Amendment Due Process rights as well as his Fourth Amendment rights against unreasonable searches and seizures when they sent restraining notices to Citibank.

      "Because the United States Constitution regulates only the Government, not private parties, a litigant . . . who alleges that her constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) (alterations, emphasis, and internal quotation marks omitted), *cert. denied* 135 S. Ct. 1895 (2015). "To demonstrate state action, a plaintiff must establish both that [1] her alleged constitutional deprivation was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and [2] that the party charged with the deprivation is a person who may fairly be said to be a state actor." *Id.* at 263–64 (emphasis omitted).

      Benzemann's Section 1983 and due process claims fail both prongs of this state-action test. First, Benzemann has not established that his alleged constitutional deprivation was caused by a privilege or right granted by the state. Benzemann argues that the Houslanger Defendants misused New York State rules allowing attorneys to issue restraining notices, but the Supreme Court has held that "private misuse of a state statute does not describe conduct that can be attributed to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940–41 (1982); *see*

2

*also Dahlberg v. Becker*, 748 F.2d 85, 90 (2d Cir. 1984) ("A private party's misuse of New York's Judiciary Law . . . is not fairly attributable to New York State.").

Nor can the Houslanger Defendants fairly be said to be state actors. For the purposes of Section 1983, the actions of a nominally private entity are attributable to the state:

> (1) [when] the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the state," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state, ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)). Benzemann argues that the Houslanger Defendants qualify as state actors under the "public function test." But to qualify as a state actor under that test, the public function that is delegated must be one that was "traditionally under the exclusive authority of the state." *Id.* at 259. Benzemann cites no authority supporting his view that sending a restraining notice is "traditionally under the exclusive authority of the state." To the contrary, we have previously recognized that restraining notices are typically issued to banks both by private individuals and by the state. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("Bank of America . . . did no more than comply with the restraining notice issued by [the state agency] in the same way it would with a notice from a private attorney on behalf of a private creditor."). Because the sending of restraining notices is not traditionally under the exclusive authority of the state, Benzemann's argument that the Houslanger Defendants qualify as state actors fails. Accordingly, the district court properly dismissed both the Section 1983 and the due process claims against the Houslanger Defendants.

## II. Claims Against Citibank

Citibank moved to compel arbitration of Benzemann's claims against it, arguing that the claims were subject to arbitration under the parties' arbitration agreement. The district court granted the motion, finding that the question whether the claims were arbitrable was itself delegated to the arbitrator by the agreement. *See PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996) (noting that under federal law, parties to an arbitration agreement "may provide that the arbitrator, not the court, shall determine whether an issue is arbitrable"). On appeal, Benzemann does not challenge the district court's decision to compel arbitration. Rather, he argues only that, upon compelling arbitration, the district court improperly dismissed the claims against Citibank rather than staying the claims pending arbitration.

Recently, we "join[ed] those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015); *see also* 9 U.S.C. § 3 (providing that district court, after granting motion to compel arbitration, shall stay proceedings "on application of one of the parties"). Benzemann, however, did not request a stay before the district court entered judgment. Thus, Section 3 did

not require the district court to stay the proceedings when it entered judgment against Benzemann. *See Katz*, 794 F.3d at 346 (noting that, absent a statutory mandate to stay proceedings, district courts "enjoy an inherent authority to manage their dockets"). Although Benzemann sent a letter to the district court on July 23, 2014, requesting that the court modify the judgment to stay his claims against Citibank, Benzemann then filed a notice of appeal on July 25, 2014. The district court correctly concluded that, after Benzemann filed the notice of appeal, the court lacked jurisdiction to decide Benzemann's request to modify the judgment. *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("As a general matter, 'the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Thus, the district court did not err in denying Benzemann's request to modify the judgment.

## CONCLUSION

We have considered the remainder of Benzemann's arguments and find them to be without merit. In an opinion issued simultaneously with this summary order, we vacate the district court's dismissal of the FDCPA and state law claims. Accordingly, we AFFIRM the judgment of the district court insofar as it (1) dismissed Benzemann's claims against the Houslanger Defendants under Section 1983, the Due Process Clause of the Fourteenth Amendment, and state law and (2) compelled arbitration of and dismissed Benzemann's claims against Citibank. We VACATE the judgment insofar as it dismissed Benzemann's claims against the Houslanger Defendants under the FDCPA and state law and REMAND for further proceedings consistent with the opinion issued simultaneously with this summary order. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4