■ Z. JUSTIN MANAGEMENT CO., INC., Appellant, v METRO OUTDOOR, LLC, et al., Respondents. [28 NYS3d 31]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about December 16, 2014, which, to the extent appealed from, granted the motions of defendants Metro

Outdoor, LLC (Metro) and 860 Sign, LLC (860 Sign) to dismiss the second amended complaint, unanimously affirmed, with costs.

This case involves a purported wrongful assignment of an outdoor advertising agreement by defendant Metro to defendant 860 Sign. The agreement, which was originally entered into between plaintiff and defendant Metro, was assigned by Metro to 860 Sign for an assignment fee of $1.6 million. On appeal, plaintiff contends that the agreement, despite being labeled a "sublease," was actually a non-assignable licensing agreement as a matter of law, or, in the alternative, that plaintiff was entitled to a portion of the assignment fee.

Plaintiff's arguments are unavailing. "The nature of the transfer of absolute control and possession is what differentiates a lease from a license . . . [w]hereas a license connotes use or occupancy of the grantor's premises, a lease grants exclusive possession of designated space to a tenant, subject to rights specifically reserved by the lessor. The former is cancellable at will, and without cause" (*American Jewish Theatre v Roundabout Theatre Co.*, 203 AD2d 155, 156 [1st Dept 1994]). The "critical question in determining the existence of a lease . . . is whether exclusive control of the premises has passed to the tenant" (*Women's Interart Ctr., Inc. v New York City Economic Dev. Corp.*, 97 AD3d 17, 21 [1st Dept 2012], *lv dismissed* 20 NY3d 1034 [2013]).

Under the relevant standard, the plain language of the agreement at issue reveals that the agreement is a lease and not a license. In the first paragraph of the agreement the property is unambiguously granted to Metro outright, providing that plaintiff "[s]ubleases and grants exclusively to [Metro]" the property, without restriction. In addition to granting exclusive possession of the property to Metro and the exclusive use and right to install advertising upon it, the agreement, characteristic of a lease, is not revocable at will (*see Williams v Hylan*, 223 App Div 48, 52 [1st Dept 1928], *affd* 248 NY 616 [1928]). The agreement is a lease according to its plain terms, in both form and substance (*see Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 7-8 [1st Dept 2012]).

Finally, even accepting plaintiff's argument that the agreement is somehow not a lease, it does not follow that the agreement is necessarily a non-assignable license. While plaintiff argues the agreement is a license for the purpose of establishing that it is not assignable, the clear language of the agreement is to the contrary, providing that it would inure to the benefit of Metro's successors and "assigns."

The IAS Court properly relied upon *Ashwood Capital, Inc. v OTG Mgt., Inc.* to dismiss the remaining causes of action in the second amended complaint. Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.