15-513-cv
Virk v. Maple-Gate Anesthesiologists, P.C.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
AMARJIT S. VIRK, M.D.,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    15-513-cv

MAPLE-GATE ANESTHESIOLOGISTS, P.C. and
JON GRANDE, M.D.,
         <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          GERALD T. WALSH, Zdarsky,
                        Sawicki & Agostinelli LLP,
                        Buffalo, New York.

FOR APPELLEES:          ROBERT C. WEISSFLACH, Harter
                        Secrest & Emery LLP, Buffalo,
                        New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART** with instructions to stay the action pending arbitration.

Plaintiff Dr. Amarjit S. Virk appeals from the judgment of the United States District Court for the Western District of New York (Skretny, J.), granting defendants' motion to compel arbitration and dismissing Virk's complaint alleging breach of contract and unlawful discrimination in connection with Virk's termination from his employment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Defendants' motion to compel arbitration sought either a stay or dismissal. Now, however, they challenge appellate jurisdiction on the ground that the district court lacked discretion to dismiss and was instead required to stay the action pending the outcome of arbitration, an order from which no appeal would lie. See 9 U.S.C. § 16(b)(1)-(2). They rely on Katz v. Cellco Partnership, 794 F.3d 341 (2d Cir. 2015), which was decided after the conclusion of proceedings below. Accordingly, defendants ask us to vacate the dismissal of Virk's complaint and remand with instructions to enter a stay, and to decline to reach the substance of Virk's appeal.

We agree that the district court lacked discretion to dismiss the case under Katz as well as the plain language of 9 U.S.C. § 3. See § 3 ("[T]he court . . . , upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had . . . ." (emphasis added)); see generally Katz, 794 F.3d 341 (holding that district courts lack discretion to dismiss, rather than stay, an action when all claims are referred to arbitration and a stay requested by any party).[1] We therefore vacate

---

[1] Cf. Benzemann v. Citibank, N.A., 622 F. App'x 16, 18 (2d Cir. 2015) (summary order) (concluding that dismissal in favor of arbitration was not error where no party requested a stay).

2

the dismissal of the case and remand with instructions to enter a stay pending the outcome of arbitration.[2]

However, because we have undoubted appellate jurisdiction over the district court's final order dismissing the case, see id. § 16(a)(3); Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 82, 85-89 (2000), we may review the grant of the motion to compel arbitration, as was done in Katz itself, 344 F.3d at 344 (affirming district court's grant of motion to compel arbitration while vacating and remanding dismissal of case).

We review de novo the grant of an order compelling arbitration. Cohen v. UBS Fin. Servs., Inc., 799 F.3d 174, 177 (2d Cir. 2015). A court adjudicating a motion to compel arbitration applies "a standard similar to that applicable for a motion for summary judgment," considering whether there is any "triable issue of fact" as to the making of an agreement to arbitrate. Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). "In deciding whether a dispute is arbitrable, we must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." Holick v. Cellular Sales of N.Y., LLC, 802 F.3d 391, 394 (2d Cir. 2015).[3]

---

[2] Virk points out that defendants did not file a cross-appeal. Defendants likely lacked standing to cross-appeal, having sought either a stay *or* dismissal. See Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper, 445 U.S. 326, 333 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."). We have jurisdiction to review the district court's judgment compelling arbitration and dismissing Virk's claims, and we may exercise our discretion to correct the error identified by defendants. See Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955-56 (10th Cir. 1994).

[3] The dicta of Ragone v. Atlantic Video at Manhattan Center, 595 F.3d 115 (2d Cir. 2010), raises issues that do not bear upon whether there is an agreement to arbitrate or

As the district court determined, Virk raised no issue of fact regarding his agreement to arbitrate.[4] Virk does not dispute that he agreed to arbitrate future claims when he signed the 2000 Employment Agreement; and he has shown no evidence that would create a "substantial issue" as to whether that agreement was terminated or superseded by another. Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625, 628 (2d Cir. 1945); see also Doctor's Assocs., Inc. v. Jabush, 89 F.3d 109, 114 (2d Cir. 1996).

The 2000 Employment Agreement stated that its term "shall continue until termination as provided in Article 9 of this Agreement," and any amendment was required to be "in writing, signed by both parties." J.A. 9 ¶ 2; J.A. 4 ¶ 12. If the agreement had been intended to terminate automatically upon Virk attaining shareholder-employee status, it could have stated as much--but it does not. And the only written, signed amendment put into the record by either party is an undated "Non-Compete, Non-Solicitation, and Non-Disclosure Agreement," signed by Virk, that amends any prior employee agreement but specifically limits its superseding effect to non-compete, non-solicitation, and non-disclosure provisions.[5] J.A. 99. Virk submitted no evidence to support his allegation that the unsigned 2005 draft employment agreement (which bears the name of a different employee) ever went into effect with respect to *any* shareholder-employee; and defendants submitted evidence that it did not. His partial performance theory is flawed because he relies on compensation he received in 2004--*before* the 2005 draft agreement was circulated in August 2005. Finally, Virk has not demonstrated that the corporate by-laws are, as he contends, incompatible with the 2000

---

the scope of such an agreement. Issues of arbitrability related to Ragone are reserved for the arbitrator in the first instance. See infra pages 5-7.

[4] Virk does not challenge the district court's determination that his claims are within the scope of the arbitration clause.

[5] The lack of an arbitration clause in the Non-Compete, Non-Solicitation, and Non-Disclosure Agreement is unsurprising, given that the arbitration clause in the 2000 Employment Agreement specifically excluded any claims relating to "the Non-Competition During Employment Clause . . . and the Covenant Not to Compete" in the agreement. J.A. 12 ¶ 16.

Employment Agreement such that the 2000 Employment Agreement was silently terminated upon Virk's attaining shareholder status.[6]

The parties to the 2000 Employment Agreement were Virk and Maple-Gate Anesthesiologists, P.C. In district court proceedings, Virk did not respond to defendants' argument that the arbitration agreement also applies to Virk's claims against the individual defendant because Dr. Grande's potential "liability arises out of the same misconduct charged against" the entity. See Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d Cir. 1993); see also, e.g., Hirschfeld Prods. v. Mirvish, 673 N.E.2d 1232, 1233 (N.Y. 1996). The district court compelled arbitration with respect to all of Virk's claims. We will not consider Virk's challenge to this ruling, which is made for the first time in his appellate reply brief. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132-33 (2d Cir. 2008) (arguments not presented to the district court are considered forfeited); Norton v. Sam's Club, 145 F.3d 114, 117-18 (2d Cir. 1998) (issues raised for the first time in a reply brief are not adequately preserved for review).

Finally, Virk relies on Ragone v. Atlantic Video at Manhattan Center, 595 F.3d 115 (2d Cir. 2010), to argue that the arbitration agreement is unenforceable as applied to his Title VII and Americans with Disabilities Act claims because administrative exhaustion of these claims could take longer than the six-month limitations period set forth in the arbitration clause. In dicta, Ragone supposed that it was "at least possible that [the plaintiff] would be able to demonstrate" that a 90-day limitations period and a fee-shifting provision contained in the parties' arbitration agreement "were incompatible with her ability to pursue her Title VII claims in arbitration, and therefore void" under

---

[6] For example, Virk contends that the termination provisions in the 2000 Employment Agreement are inconsistent with the by-laws. But he points to by-laws governing procedures for purchase or redemption of shares upon death or disqualification of shareholders. J.A. 147. These procedures are not by their terms inconsistent with a contractual clause providing for other contingencies. Furthermore, the termination provisions are materially similar to those contained in the draft 2005 agreement, which Virk argues applied during his 2005-2013 shareholder-employment. See J.A. 11 ¶ 9; J.A. 80 ¶ 12.

the Federal Arbitration Act's "effective vindication" doctrine. Id. at 126; see Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2310-11 (2013) (discussing "'effective vindication' exception" to required enforcement of arbitration agreements). The Ragone panel did not have occasion to determine whether the plaintiff had in fact made such a showing, because the defendants agreed to waive enforcement of those provisions in arbitration.

Virk has not sustained his burden to show that he would be unable to vindicate his statutory rights in arbitration. Cf. Green Tree, 531 U.S. at 90-92 (a party seeking to invalidate an arbitration agreement under effective vindication doctrine on ground that arbitration would be prohibitively expensive bears burden to show likelihood of incurring such costs). First, it is not clear that Virk would be required to exhaust administrative remedies prior to arbitration. Title VII and the ADA provide that within 90 days of receipt of a right-to-sue letter, "*a civil action may be brought . . . .*" 42 U.S.C. § 2000e-5(f)(1) (emphasis added); see id. § 12117(a). It does not, by its terms, require exhaustion before engaging in private arbitration. And even if it would otherwise apply to an arbitration, the district court explained that "an arbitration provision that requires an employment discrimination claim to be arbitrated before statutory exhaustion procedures could possibly be completed is easily construed as reflecting the parties' agreement to waive such requirement, as well as any defense based on that requirement." Virk v. Maple-Gate Anesthesiologists, P.C., 80 F. Supp. 3d 469, 480 (W.D.N.Y. 2015); see Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 104 (2d Cir. 2006) ("Arbitration is entirely a creature of contract. The rules governing arbitration, its location, the law the arbitrators will apply, indeed, even which disputes are subject to arbitration, are determined entirely by an agreement between the parties."). Second, the arbitrator would seem to be the appropriate party to determine these issues and related ones, including: whether the exhaustion requirement applies; whether the parties' contract should be construed to waive that requirement; whether Virk's EEOC filing should be considered to have "commenced" the arbitration under the agreement, J.A. 12 ¶ 16; and whether the six-month statute of limitations should be enforced (with respect to Virk's

federal discrimination claims or otherwise[7]).  See <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 84-85 (2002) (the arbitrator should decide "procedural," "gateway" questions of arbitrability such as applicability of time limitation).

For the foregoing reasons, and finding no merit in Virk's other arguments, we hereby **AFFIRM** the district court's judgment compelling arbitration, **VACATE** the district court's dismissal of the action, and **REMAND** with instructions to stay the action pending arbitration.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[7] Virk argues that one requirement of the 2000 Employment Agreement--that the employee abide by Kaleida Health policies and procedures--is inconsistent with the six-month limitations period because hearings held in accordance with those procedures may take a year or longer. Virk can raise such an argument in arbitration in response to defendants' stated intention to defend the arbitration on grounds of untimeliness.  See <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 84-85 (2002).