■ In the Matter of KRAMER LEVIN NAFTALIS & FRANKEL LLP et al., Respondents, v MICHAEL C. CORNELL et al., Appellants. [48 NYS3d 658]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered July 15, 2016, which granted the petition to permanently stay arbitration, and denied respondents' motions to dismiss the proceeding and to seal the record, unanimously affirmed, with costs.

Respondents failed to demonstrate that the parties agreed to arbitrate the subject dispute (see Matter of Cammarata v InfoExchange, Inc., 122 AD3d 459, 460 [1st Dept 2014]). The potential future benefit, if any, flowing to petitioners from the attorney release in the separation agreement containing the arbitration clause is "too attenuated . . . to justify . . . an exception to the usual rule that nonsignatories cannot be compelled to arbitrate" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 634 [2013]; compare Matter of SSL Intl., PLC v Zook, 44 AD3d 429 [1st Dept 2007] [nonsignatory to license agreement appropriately compelled to arbitrate where it marketed products using technology covered by agreement]; HRH Constr. LLC v Metropolitan Transp. Auth., 33 AD3d 568 [1st Dept 2006] [nonsignatory received monetary benefit under agreement]). There is no evidence that petitioners "knowingly exploit[ed]" the benefits of the agreement (see Belzberg, 21 NY3d at 631). The allegations against petitioners show, if anything, that they "may have 'exploit[ed] the contractual relation of the parties, but not the agreement itself' " (Cammarata, 122 AD3d at 460, quoting Belzberg, 21 NY3d at 631).

Nor is there evidence to support respondents' contention that petitioners "used the signatories as their agents to obtain [the attorney] release." Moreover, while an agent may bind its nonsignatory principal to an arbitration agreement where the nonsignatory seeks to compel arbitration with another signatory (*see Merrill Lynch Inv. Mgrs. v Optibase, Ltd.*, 337 F3d 125, 130-131 [2d Cir 2003]; *Hirschfeld Prods. v Mirvish*, 88 NY2d 1054, 1056 [1996]), this is not a case in which a nonsignatory seeks to compel arbitration with a signatory.

Respondents failed to show that the record contains material "so confidential or sensitive" that the record should be sealed (*Mosallem v Berenson*, 76 AD3d 345, 350 [1st Dept 2010]). Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.