Huntsman Intl. LLC v Albemarle Corp. (2018 NY Slip Op 04962)





Huntsman Intl. LLC v Albemarle Corp.


2018 NY Slip Op 04962


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kahn, Kern, JJ.


7051N 650672/17

[*1] Huntsman International LLC, Plaintiff-Appellant,
v
Albemarle Corporation, et al., Defendants-Respondents.


Kirkland & Ellis LLP, New York (Eugene F. Assaf of counsel), for appellant.
Davis Polk & Wardwell LLP, New York (Francis E. Bivens of counsel), for Albemarle Corporation, Rockwood Specialties Group, Inc., and Rockwood Holdings, Inc., respondents.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Jay B. Kasner of counsel), for Seifollah Ghasemi, Andrew M. Ross, Thomas J. Riordan and Michael W. Valente, respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 8, 2018, which granted defendants' motion to compel arbitration and stay all proceedings in this action, unanimously affirmed, without costs.
Plaintiff and defendant Rockwood Specialties Group, Inc. entered into a stock purchase agreement (SPA) pursuant to which plaintiff bought Rockwood's color pigments business, including its "Bluebird" technology and several plants, including one located in Augusta, Georgia. Section 4.27 of the SPA sets forth the parties' rights and obligations with respect to the Augusta facility preceding the facility's successful completion of a "Performance Test." Subsection (f) requires defendants to notify plaintiff of "any event, change, effect, circumstance or development of which it has Knowledge ... that ... raises reasonable concerns whether the Augusta Facility will be able to achieve successful completion of the Performance Test." Subsection (i) provides for arbitration of "any disputes between [Rockwood] and [plaintiff] regarding the terms and conditions of, and the parties['] respective obligations under, Section 1.6 and this Section 4.27."
Plaintiff's claims are within the scope of the arbitration clause (see generally Louis Dreyfus Negoce S.A. v Blystad Shipping & Trading Inc., 252 F3d 218, 223-224 [2d Cir 2001], cert denied 534 US 1020 [2001]). The breach of contract claims allege that defendants failed to give notice of their reasonable concerns about the Augusta facility; the fraud claims share the same factual predicate, i.e., material misrepresentations about the success and functionality of the Bluebird technology. Disputes arising from the failure to notify plaintiff of Rockwood's and its senior executives' knowledge, both before signing the SPA and after closing, that the Bluebird technology was not working and that the Augusta facility would not be able to meet performance standards are disputes under section 4.27.
The individual defendants, who were officers or employees of Rockwood and did not sign the SPA in their individual capacities, are nevertheless entitled to enforce the arbitration provision, because any breach of the SPA would have to be the result of an action or inaction attributable to them. A rule allowing corporate officers and employees to enforce arbitration agreements entered into by the corporate principal "is necessary not only to prevent circumvention of arbitration agreements but also to effectuate the intent of the signatory parties to protect individuals acting on behalf of the principal in furtherance of the agreement" (Hirschfeld Prods. v Mirvish, 88 NY2d 1054, 1056 [1996]). Further, even a nonsignatory may be estopped from avoiding arbitration where he knowingly accepted the benefits of an agreement with an arbitration clause (see Matter of Cammarata v InfoExchange, Inc., 122 AD3d 459 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK