Matter of Berger v Signac Invs. Ltd. (2021 NY Slip Op 02737)





Matter of Berger v Signac Invs. Ltd.


2021 NY Slip Op 02737


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 651165/20 Appeal No. 13760N Case No. 2020-02255 

[*1]In the Matter of Alexis Berger, Petitioner-Appellant,
v
Signac Investments Ltd., Respondent-Respondent. 


Storch Byrne LLP, New York (Steven G. Storch of counsel), for appellant.
Sher Tremonte LLP, New York (Theresa Trzaskoma of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about March 25, 2020, which denied the petition to stay arbitration, unanimously affirmed, without costs.
Respondent Signac Investments Ltd., although a nonsignatory to the agreement containing the arbitration clause, is entitled to invoke the arbitration provision to compel arbitration of petitioner's claim concerning the validity and enforceability of a certain financing arrangement because of its close relationship to the other signatory to that agreement (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569-570 [2d Dept 2017]; see also Hirschfeld Prods. v Mirvish, 88 NY2d 1054, 1055-1056 [1996]; Revis v Schwartz, 192 AD3d 127, 143-144 [2d Dept 2020]). As the court noted, in the reverse situation, petitioner would undoubtedly be entitled to enforce the same arbitration provision against Signac, given that both parties enjoyed the benefits of the agreement (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631-632 [2013]; Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646, 649 [1st Dept 2012]; HRH Constr. LLC v Metropolitan Transp. Auth., 33 AD3d 568 [1st Dept 2006]).
Additionally, contrary to petitioner's contention, the contract was not a personal services contract (see Rosenthal Paper Co. v National Folding Box & Paper Co., 226 NY 313, 326 [1919]). Therefore, in the absence of language prohibiting assignment and given affirmative language anticipating assignment, the terms of the original agreement were fully assignable (New York Bank Note Co. v Hamilton Bank Note Engraving & Print. Co. 180 NY 280, 292 [1905]; Z. Justin Mgt. Co., Inc. v Metro Outdoor, LLC, 137 AD3d 577, 578 [1st Dept 2016]; see also Allhusen v Caristo Constr. Corp., 303 NY 446, 452 [1952]).
Finally, the dispute here is primarily about the validity and enforceability of the entire transaction, not about distribution of funds from an escrow account. Accordingly, the arbitration provision of the original agreement is applicable, rather than the narrower dispute resolution provisions of the escrow agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021