**Costo v Deer Mtn. Day Camp, Inc.**

2025 NY Slip Op 31562(U)

April 30, 2025

Supreme Court, New York County

Docket Number: Index No. 160519/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO                          PART                    33M

*Justice*

----------------------------------------------------------------X

ALEXANDRA COSTO

INDEX NO.              160519/2024

Plaintiff,

MOTION DATE            01/21/2025

- v -

MOTION SEQ. NO.           001

DEER MOUNTAIN DAY CAMP, INC.,

**DECISION + ORDER ON MOTION**

Defendant.

----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                    DISMISS                              .

Upon the foregoing documents, and after a final submission date of February 28, 2025, Defendant Deer Mountain Day Camp, Inc.'s ("Defendant" or "Deer Mountain Day Camp") motion to (a) dismiss Plaintiff's complaint for failure to disclose her address on the summons and complaint; (b) to compel arbitration pursuant to CPLR 7503, and (c) to change venue from New York County to Rockland County is denied.

On August 17, 2017, Plaintiff, who was fourteen, attended Deer Mountain Day Camp when she was allegedly injured while using a zipline. After turning eighteen, Plaintiff initiated this lawsuit for personal injuries allegedly sustained. In response, Defendant moves to dismiss Plaintiff's complaint pursuant to CPLR 305(a), or alternatively moves to compel arbitration or to change venue to Rockland County. Plaintiff opposes.

As a preliminary matter, the Court denies the motion to dismiss pursuant to CPLR 305(a). Failure to comply with a technical requirement of CPLR 305 does not warrant dismissal absent a showing of prejudice due to the alleged defect (*Cruz v New York City Hous. Auth.*, 269 AD2d 108 [1st Dept 2000]). Although Plaintiff did not state her address in the summons, that information

**160519/2024  COSTO, ALEXANDRA vs. DEER MOUNTAIN DAY CAMP, INC.**
**Motion No.  001**

Page 1 of 4

[* 1]

was provided in opposition to the motion, and to dismiss a case based on a picayune technicality would run contrary to New York's public policy in favor of resolving cases on the merits (*see, e.g. Ayala v Delgado*, 278 AD2d 59 [1st Dept 2000]). Plaintiff produced evidence she resides in New York County via an affidavit and documentation from her building. Thus, venue in New York County is proper. Nor has Defendant shown how litigating in New York County is so burdensome to warrant changing venue to nearby Rockland County. Therefore, the branch of the motion seeking to change venue is denied.

Finally, the motion to compel arbitration is denied. Plaintiff's mother signed an agreement with Defendant which contained an arbitration clause (NYSCEF Doc. 9 at ¶ 14). The clause states:

> "I agree that any claim or dispute regarding this agreement, the literature concerning Deer Mountain Day Camp Inc., the attendance of my child at Deer Mountain Day Camp Inc., or anything that relates to Deer Mountain Day Camp Inc. experience itself, shall be resolved exclusively by binding arbitration in Rockland County, New York, according to the then existing commercial rules of the American Arbitration Association....The arbitrator and not any federal, state or local court or agency shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, conscionability, or formation of this contract, including but not limited to any claim that all or any part of this contract is voidable."

Although New York courts favor arbitration, when parties dispute whether an agreement to arbitrate exists, the presumption in favor of arbitration does not apply (*Oxbow Calcining USA Inc. v American Indus.* Partners, 96 AD3d 646, 649 [1st Dept 2012]). Here, the parties dispute whether Plaintiff, who was an infant when her mother signed an agreement containing an arbitration clause, is bound by her mother's agreement. Therefore, the presumption in favor of arbitration does not apply.

Plaintiff is a non-signatory to the contract. Generally, non-signatories are not subject to arbitration agreements (*Belzberg v Verus Investments Holdings Inc.*, 21 NY3d 626, 630 [2013]). Courts must exercise caution in imposing an obligation to arbitrate upon a non-signatory

**160519/2024   COSTO, ALEXANDRA vs. DEER MOUNTAIN DAY CAMP, INC.**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

(*Boroditsky v European Specialties LLC*, 314 F.Supp.3d 487, 493 [SDNY 2018]). This is especially true, where, as here, there is no clear, explicit and unequivocal agreement that Plaintiff, as a non-signatory, could be compelled to arbitrate (*Cammarata v InfoExchange, Inc.*, 122 AD3d 459, 460 [1st Dept 2014]; *see also H.I.G. Capital Management, Inc. v Ligator*, 233 AD2d 270, 271 [1st Dept 1996]). Nowhere in the arbitration clause does it state that Plaintiff's mother was binding Plaintiff to the arbitration agreement, or that Plaintiff would be forced to arbitrate her claims against Defendant upon reaching adulthood. The provision states only "I agree" but does not state "I agree on behalf of my child…" (NYSCEF Doc. 9). The Court cannot rewrite the terms of the agreement under the guise of interpretation (*Ruttenberg v Davidge Data Systems Corp.*, 215 AD2d 191, 197 [1st Dept 1995]).

Indeed, Defendant cites to no binding case law, or for that matter any published New York decision, where a plaintiff was compelled to arbitrate based on a contract signed by the plaintiff's parent when the plaintiff was an infant. Plaintiff cites two trial court decisions from Suffolk County but does not provide the citation to those decisions. Defendant also disregards CPLR 1209, which prohibits the arbitration of controversies involving an infant unless the representative of the infant applies to court for arbitration and the Court orders arbitration. This provision of the CPLR exists so that the courts, who are bound to protect infants, can ensure the rights and interests of infants are not easily bargained away (*Valdimer v Mt. Vernon Hebrew Camps, Inc.*, 9 NY2d 21, 24 [1961]). Other courts have ruled recently and persuasively that non-signatory minors cannot be compelled to arbitrate pursuant to arbitration agreements signed by their parents (*B.F. v Amazon.com Inc.*, 858 Fed.Appx. 218 [9th Cir. 2021]). Based on binding and persuasive precedent, the lack of any express language in the arbitration agreement that it would be binding on Plaintiff,

**160519/2024   COSTO, ALEXANDRA vs. DEER MOUNTAIN DAY CAMP, INC.**
**Motion No. 001**

**Page 3 of 4**

and guided by the spirit of CPLR 1209, this Court finds Plaintiff, as a non-signatory, cannot be compelled to arbitrate. Therefore, the motion to compel arbitration is denied.

Accordingly, it is hereby,

ORDERED that Defendant's motion is denied in its entirety; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted any later than September 8, 2025. If the parties have a serious discovery dispute requiring Court intervention, the parties shall appear for an in-person preliminary conference at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York on September 10, 2025; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/30/2025 | | | | | _Mary V Rosado_  JSC | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|-----------------------|---|
| | | GRANTED | x DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**160519/2024  COSTO, ALEXANDRA vs. DEER MOUNTAIN DAY CAMP, INC.**
**Motion No.  001**

**Page 4 of 4**

4 of 4